OLLIE G. FRENCH *vs.* HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY.

Worcester.    October 7, 1897. — November 23, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Life Insurance on the Assessment Plan — Termination of Policy by its Terms —*
*Waiver — Payment of Premium — Statute.*

A policy of life insurance was issued by a company, in consideration, among other
things, of certain quarterly payments for seven years, to be made on the first
day of the quarter, with four days of grace, and if at the end of those days the
sum had not been paid all rights under the policy were at an end, and the mem-
ber only could apply for reinstatement, which was not to be granted unless the
application was accompanied by a health warrant. The application agreed that
the reinstatement, if granted, should not waive forfeiture for future non-pay-
ments. For the two years and a half during which the policy was running
before his death, the insured let the days of grace elapse in all but three
instances, and was reinstated upon application and giving a health warrant.
A payment fell due on July 4, 1896, with grace on July 8. It had not been made
on July 9, on which day the insured was drowned. On July 10, the sum was
forwarded to the company in the name of the insured, and was returned with
notice that an application for reinstatement was necessary. *Held,* in an action
by the beneficiary against the company, that the policy was at an end by its
terms; that there was no waiver; and that the provisions of § 2 of St. 1896,
c. 515, entitled "An Act relative to assessment insurance corporations," did
not apply to the payment in question.

CONTRACT, by the beneficiary named in a policy of life in-
surance issued by the defendant company on January 4, 1894,
upon the life of William M. Hyland. The case was submitted
to the Superior Court, and, after judgment for the defendant
by *Gaskill,* J., to this court, on appeal, upon agreed facts, the
nature of which appears in the opinion.

*J. K. Greene,* for the plaintiff.

*T. H. Gage, Jr.,* for the defendant.

HOLMES, J. The policy was issued in consideration, among
other things, of quarterly payments of six dollars and eighteen
cents for seven years. These payments were to be made on the
first day of the quarter, with four days of grace. If at the end
of the days of grace the sum had not been paid all rights under
the policy were at an end, and the member only could apply for
reinstatement, which was not granted unless the application was

accompanied by a health warrant. The application expressly agreed that the reinstatement, if granted, should not waive forfeiture for future non-payments. For the two years and a half that the policy was running before his death, Hyland let the days of grace elapse in all but three instances, and was reinstated upon application and giving a health warrant. A payment fell due on July 4, 1896, with grace on July 8. It had not been made on July 9, on which day Hyland was drowned. On July 10 the sum was forwarded to the defendant in his name, and was returned with notice that an application for reinstatement was necessary. On the facts agreed, the judge found for the defendant, and the plaintiff appealed.

We are of opinion that the decision of the Superior Court was right. By the terms of the policy all rights under it were at an end; and the fact that on former occasions late payments had been accepted had no effect in waiving the defendant's rights, since the forms of reinstatement always were insisted upon, and even an agreement that there should be no waiver was required in each case. *Crossman* v. *Massachusetts Benefit Association,* 143 Mass. 435.

The plaintiff is not helped by § 2 of St. 1896, c. 515, entitled "An Act relative to assessment insurance corporations." By that section, in the case of policies issued by companies doing business on the assessment plan, at the expiration of the time for payment stated in each call or notice of an assessment for mortuary, disability, or expense purposes, persons who have failed to pay are to be notified, and are allowed fifteen days after the receipt of the notice to make the payment and keep the policy in force. In the present case, beside the premiums above mentioned, after seven years had elapsed there was a liability to calls for the mortuary fund, and it may be assumed that these calls were assessments. But the liability for a premium during the seven years was not an assessment within the meaning of the act. The assessments for mortuary, disability, or expense purposes mentioned in § 2 are calls for sums uncertain beforehand, and determined by the other party to the contract with reference to the purposes mentioned, not demands for sums fixed by mutual agreement beforehand, to be paid to the general use of the company in case the member elects to continue the policy

in force. The distinction is marked in the statutes. See, e. g., St. 1890, c. 421, § 1 ("not upon fixed payments but upon the collection from time to time of an assessment"); *New England Ins. Co.* v. *Belknap,* 9 Cush. 140, 147.

Upon our construction of § 2, it is unnecessary to consider other questions which would have to be determined before the plaintiff could recover. One of them is whether the act of 1896 purports to affect or could affect a contract made by a foreign company before the statute was passed. Another, the answer to which is plain, is how, if the act of 1896 does apply to this case throughout, the insurable interest required by § 7 can be attributed to a woman on the ground that she was engaged to a member, when at the time of the engagement and at the date of the policy she was married to another man, and when even at the date of the member's death a decree of divorce obtained by her shortly before that time had not become absolute.

*Judgment for the defendant.*