MAURICE E. TEMPLE *vs.* MIDDLESEX AND BOSTON STREET RAILWAY COMPANY.

Middlesex.   February 17, 1922. — March 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Motor Vehicle,* Registration. *Sale,* Conditional. *Negligence,* Street railway, Motor vehicle.

Under G. L. c. 90, § 2, a motor vehicle, which has been sold by a contract of conditional sale providing that title should not pass to the vendee until the full purchase price was paid, is properly registered if it is registered in the name of the vendor, and it legally may be operated upon the highway by the vendee if he is properly licensed to operate a motor vehicle.

At the trial of an action of tort against a street railway company for personal injuries received in December, 1916, when, by reason of the depth of snow on the travelled part of a highway, the plaintiff was operating a motor car on the portion of the highway occupied by the defendant's tracks, where he was run into by a street car of the defendant, there was evidence tending to show that the accident happened on a dark night when sleet was falling, that the plaintiff saw the street car, about fifty feet away, moving rapidly toward him without a searchlight, that he tried to get off the track but, on account of the deep snow, could not do so, and that he was struck by the car. *Held,* that findings, that the plaintiff was in the exercise of due care and that the defendant's employees were negligent, were warranted.

TORT for personal injuries and damage to the plaintiff's motor car through collision with a street car of the defendant on December 21, 1916. Writ dated January 19, 1917.

In the Superior Court, the action was tried before *White,* J. Material evidence is described in the opinion. At the close of the evidence, a verdict was entered for the defendant by order of the judge and the action was reserved by him for report to this court

under an agreement that judgment was to be entered for the plaintiff in the sum of $800 if the action should have been submitted to the jury; otherwise, judgment was to be entered upon the verdict.  After the resignation of *White,* J., the report was made by *Sanderson,* J.

*W. R. Bigelow,* for the plaintiff.

*J. P. Carr,* for the defendant.

CARROLL, J.   This case grows out of a collision between an electric car of the defendant and an automobile driven by the plaintiff on December 21, 1916.  The plaintiff, because of the depth of snow in the travelled part of the highway, was travelling upon that portion of it occupied by the defendant's tracks.  It was a dark night and sleet was falling.  The plaintiff saw one of the defendant's cars about fifty feet away, moving rapidly toward him without a searchlight.  He tried to get off the track, but on account of the deep snow was unable to do so, and was struck by the street car.  The automobile which the plaintiff was operating was registered in the name of the Natick Garage with whom the plaintiff had entered into an agreement for its purchase under a contract of conditional sale.  He had an operator's license, but the automobile was not registered in his name.

The important question is whether the automobile registered only in the name of the seller in a conditional sale agreement is a sufficient registration under the statute.  By St. 1912, c. 400 (see now G. L. c. 90, § 2), it is provided that application for the registration of motor vehicles shall be made by the owner thereof; if the automobile was not legally registered the plaintiff could not recover for the defendant's negligence.  *Dudley* v. *Northampton Street Railway,* 202 Mass. 443.

The Natick Garage was the owner of the automobile, it retained the title and the automobile was not to become the property of the plaintiff until fully paid for.  In *Downey* v. *Bay State Street Railway,* 225 Mass. 281, 284, it was decided that the vendee under a conditional sale contract may be considered an owner of a motor vehicle under the registration statute; and "the word 'owner' includes, not only persons in whom the legal title is vested, but bailees, mortgagees in possession and vendees under conditional contracts of sale who have acquired a special property which confers ownership as between them and the general public for the

purposes of registration." See *Hurnanen* v. *Nicksa,* 228 Mass. 346. While the statute is complied with if the purchaser under such an agreement registers the automobile in his name as the owner, the real owner, in whom the title remains, may register it in his name as the owner, and the vehicle will be properly registered and can be legally operated on the highway. The statute does not insist that the motor vehicle shall be registered in the names of both the vendor and vendee, it may be registered in the name of either, and if this is done the statute is not violated. *Shufelt* v. *McCartin,* 235 Mass. 122, is not in conflict with what has been said. In that case the automobile was owned by two persons and it was held that registration in the name of one, who was a non-operating part owner, was not in compliance with the statute.

In our opinion under the language of the statute, a motor vehicle properly registered by the owner may be legally used upon the highways of the Commonwealth by one who is not the legal owner, but has only a special property in the machine. It may, no doubt, be difficult for one who is injured to fix responsibility for an accident by ascertaining the name and address of the person causing the injury, if the automobile is registered in the name of the vendor alone. But a similar difficulty arises when an automobile duly registered in the name of the owner is operated by one to whom it is lent. See *Hartnett* v. *Gryzmish,* 218 Mass. 258; *O'Rourke* v. *A–G Co. Inc.* 232 Mass. 129. The language of the statute is plain; and we are bound by its terms. If it is necessary for the protection of travellers on the highway that these machines sold under a conditional sale agreement should be registered in the name of the vendee, the change must be made by the Legislature. We cannot alter the statute or construe it so as to make it the duty of the vendee under such a contract to register the motor vehicle, when it is already registered by the owner in compliance with the express terms of the statute.

There was evidence of the plaintiff's due care and the jury could find that the defendant was negligent. *Lawrence* v. *Fitchburg & Leominster Street Railway,* 201 Mass. 489, 492.

The case should have been submitted to the jury. In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $800, without costs; and it is

*So ordered.*