COMMONWEALTH *vs.* WILLIAM B. HENRICH.

Norfolk.     March 29, 1928.— May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Operation, Registration, Insurance.

At the trial of a complaint alleging a violation of § 34 H, added to G. L. c. 90, by St. 1925, c. 346, § 2, and amended by St. 1926, c. 368, § 3, it appeared that the defendant had several motor vehicles registered in his name; that on the defendant's premises and subject to his control was a motor truck which was not registered in his name; that on a certain day his employee used the truck to deliver gravel which the defendant was under contract to deliver; and that while the truck was so being used upon a public way, it had one number plate hung over the radiator cap, the number being one of those issued to the defendant. There was evidence that the defendant instructed the employee to take the truck and deliver the gravel. The judge denied a motion by the defendant that the jury be instructed to return a verdict of not guilty. *Held*, that

(1) Findings were warranted that the defendant was the owner of the truck; that he caused the false number plate to be put on the truck; and that he knew the truck was not registered and that no vehicle liability policy or bond had been provided to accompany an application for registration of the truck;

(2) The motion properly was denied.

COMPLAINT, received and sworn to in the District Court of East Norfolk on September 10, 1927.

On appeal to the Superior Court, the case was tried before *Gibbs*, J., a judge of a district court sitting in the Superior Court under St. 1927, c. 282. Material evidence is described in the opinion. At the close of the evidence, the judge denied a motion by the defendant that the jury be directed to return a verdict of not guilty. The defendant

was found guilty and alleged an exception to the denial of the motion.

The case was submitted on briefs.

*S. P. Coffman*, for the defendant.

*E. R. Dewing*, Deputy District Attorney, & *W. M. Wilbar*, District Attorney, for the Commonwealth.

PIERCE, J.   This is a criminal complaint, brought in the District Court of East Norfolk, based on an alleged violation of § 34 H, added to G. L. c. 90, by St. 1925, c. 346, § 2, and amended by St. 1926, c. 368, § 3.   During the trial in the Superior Court, on an appeal from a conviction in the District Court, at the close of the evidence the defendant moved that the judge direct the jury to find the defendant "Not Guilty."   The motion was denied, the verdict of the jury was "Guilty," and the case is before this court on exceptions to the denial of the motion of the defendant.

G. L. c. 90, § 9, provides: "No person shall operate any motor vehicle or draw any trailer, and the owner or custodian of such a vehicle shall not permit the same to be operated upon or to remain upon any way, unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six . . . ."   Section 1A, added by St. 1925, c. 346, § 1, reads: "No motor vehicle or trailer . . . shall be registered under sections two to five, inclusive, unless the application therefor is accompanied by a certificate as defined in section thirty-four A," that is, "the certificate of an insurance company authorized to transact the business specified in subdivision (b) of the sixth clause of section forty-seven of chapter one hundred and seventy-five, stating that it has issued to the applicant for registration of a motor vehicle or trailer a motor vehicle liability policy which covers such motor vehicle or trailer, conforms to the provisions of section one hundred and thirteen A of said chapter one hundred and seventy-five and runs for a period at least coterminous with that of such registration; or the certificate of a surety company authorized to transact business under section one hundred and five of said chapter one hundred and seventy-five as surety, stating that a motor vehicle liability bond, payable to the Commonwealth,

which covers such motor vehicle or trailer, conforms to the provisions of said section one hundred and thirteen A, and runs for a period at least coterminous with such registration, has been executed by such applicant as principal and by such surety company as surety; or the certificate of the division stating that cash or securities have been deposited with the division as provided in section thirty-four E." St. 1925, c. 346, § 2, adding § 34 H to G. L. c. 90, provides: "Whoever operates or permits to be operated a motor vehicle or trailer subject to the provisions of section one A [*supra*] with knowledge that the motor vehicle liability policy or bond or deposit required by the provisions of this chapter has not been provided and maintained in accordance with this chapter shall be punished by a fine of not less than one hundred nor more than five hundred dollars or by imprisonment for not more than one year."

On the reported evidence the jury would have been warranted in finding proved beyond a reasonable doubt the following facts: The defendant, William B. Henrich, on the morning of September 8, 1927, was doing business under the firm name and style of Globe Construction Company, in the town of Weymouth. He had registered under the firm name, for the year 1927, three trucks, to wit, a Mack truck, B78167, registered March 30, 1927; a Brockway truck, B77738, registered January 1, 1927; and a Brockway truck, B78147, registered March 25, 1927. On September 8, 1927, the defendant directed one Arthur Bedencock, who was in his employ as a mechanical repairman and at work in the garage of the defendant in Dorchester, to proceed to Weymouth and take a Stuart truck which was then upon the premises of the defendant and deliver some gravel to a job on Washington Street, in Weymouth. At that time no Stuart truck was registered for the year 1927 in the name of either the Globe Construction Company or William B. Henrich. The defendant had agreed to deliver six loads of gravel to the job on Washington Street for the Olson Construction Company at East Weymouth. As directed, Bedencock went to the premises of the defendant in Weymouth, took therefrom the Stuart truck and delivered by it five loads of gravel to

the Olson Construction Company, at East Weymouth, and was then stopped by a police officer as the truck came along Washington Street. When stopped the Stuart truck had one number plate, B77738, hanging over the radiator cap. This number plate was the registered number of the Brockway truck registered by the defendant on January 1, 1927.

The defendant admitted at the trial that Washington Street was a "way" within the meaning of G. L. c. 90, § 1. He testified in his own behalf, in substance, that "he was not the owner of the truck operated by Bedencock; that he did not authorize him to operate that truck on that day or any other day, that he did not attach the number plate B77738 designated to the Brockway Truck nor did he authorize any one to attach it to the Stuart Truck; that he did not know whether the Stuart Truck was insured or not." It is to be noted the defendant did not deny that the Stuart truck which Bedencock was operating on September 8, 1927, in the delivery of gravel in the town of Weymouth, was not on that day on his premises, in Weymouth, in his possession and subject to his undisturbed control. It is to be noted further that he did not deny that Bedencock on that day used the truck to deliver gravel which he, the defendant, had agreed to deliver, nor offer any evidence that his possession of the truck was a limited right derived from the owner of it.

The jury were not bound to believe the testimony of the defendant in whole or in part; and it is plain, if they found the defendant directed Bedencock to operate the Stuart truck on that day in furtherance of his business, they could justly find therefrom that his possession and use of the truck were the visible exercise of ownership and that he was the owner of it. Assuming the jury found the defendant was in possession of the Stuart truck, was the owner of it, and was using it in his business, they could have found reasonably that he caused the false number plate to be put upon it and had knowledge that the truck was not registered, and that no vehicle liability policy or bond had been provided by him or by any other person to accompany an application for the registration of the Stuart truck.

We think the evidence was submitted to the jury rightly, and in the absence of any exceptions to the charge, it must be assumed they were fully instructed as to the weight they should give to circumstantial evidence and the inferences to be drawn therefrom.

*Exceptions overruled.*