DAVID H. FULTON *vs.* JOHN L. STAHL, administrator, & another.

Middlesex. November 8, 25, 1929. — March 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Motor Vehicle*, Registration. *Nuisance. Trespass.*

One, who in February, 1926, sold a motor vehicle properly registered in his name to a purchaser who then had the registration certificate and the number plates in his possession and who promised to send to the registrar of motor vehicles the registration certificate with written notice of the transfer of ownership and the name, place of residence and address of the new owner as was required by G. L. c. 90, § 2, as

amended by St. 1924, c. 427, but did not perform his promise, was not liable in an action of tort for personal injuries suffered in a collision with the vehicle over two months later while it was being driven by the purchaser and its registration still remained unchanged, where it appeared that he was ignorant of the status of the registration.

TORT. Writ in the Third District Court of Eastern Middlesex dated December 22, 1926.

The writ, declaration, evidence and rulings by the judge at the trial in the District Court are described in the opinion. The judge found for the defendants and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The plaintiff appealed.

*D. H. Fulton,* pro se, submitted a brief.

*W. B. Sullivan, Jr.,* for the defendants.

WAIT, J. This is an appeal from an order of an appellate division of district courts dismissing a report from a finding for the defendants.

The plaintiff's automobile was damaged on May 1, 1926, in a collision with a truck owned and driven by the defendant Kaler. This truck with others had been owned by one William H. Stahl of Cambridge who had carried on a trucking business and from time to time had employed Kaler in it. He died November 16, 1925, and John L. Stahl of Camden, Maine, who was duly appointed administrator of his estate, employed Kaler to carry on the business until the trucks were disposed of. Kaler caused them to be registered for 1926 in the name of "W. H. Stahl Estate." On February 15, 1926, John L. Stahl sold the truck in question to Kaler, who then had the truck, the registration certificate and the number plates in his possession, and who promised to send to the registrar the registration certificate with written notice of the transfer of ownership and the name, place of residence and address of the new owner as was required by G. L. c. 90, § 2, as then amended by St. 1924, c. 427, to be done by "the person in whose name such motor vehicle or trailer is registered" in the event of a transfer of ownership and the consequent expiration of the registration. Kaler did not perform this promise; and was operating the truck on May 1, 1926, under the "estate" registration and with the original

number plates. John L. Stahl was ignorant of Kaler's conduct in these respects.

The plaintiff brought suit for damages by a writ which directed the attachment of the goods or estate of Kaler, "the goods & estate which were of William H. Stahl deceased, late of Cambridge aforesaid, now in the hands of John L. Stahl of Camden Maine administrator (whose agent is John F. McDonald of 73 Tremont St Boston, and the goods or estate of said John L. Stahl administrator as aforesaid in said County of Middlesex." The first count of the declaration alleged damage by an automobile owned and negligently operated by Kaler, and further that this automobile was improperly registered, a trespasser and nuisance on the highway, and that "the defendants jointly and severally contributed to the said nuisance being upon the highway, and by reason of said actions . . . are responsible" to the plaintiff. The second count alleged "that the estate of William H. Stahl, deceased, contributed to the said automobile being upon the highway as a nuisance thereon" and was responsible. The third count alleged "that John L. Stahl, administrator of the estate of William H. Stahl (whose agent is John F. McDonald) contributed to the said automobile being upon the highway as a nuisance thereon" and was responsible. An appearance was entered for "the defendants" and answer was made for them. At the trial the plaintiff discontinued as to Kaler. He does not now press the action against the estate of William H. Stahl; but contends that John L. Stahl is liable personally.

The trial judge found that neither the estate nor John L. Stahl as an individual contributed to the accident. It was admitted that Kaler's truck was not properly registered and was a trespasser. The judge ruled that this action could not be maintained against the administrator in his representative character. The Appellate Division found no error in the decision that neither individually nor for the estate had Stahl contributed to the accident. It, therefore, treated other questions as immaterial and any error, if there were any, as not prejudicial.

In this it was right. If we assume, for the purpose

merely of this decision, that the writ and pleadings properly brought both estate and individual before the court, no judgment could go against them, because no liability could be made out. The statute which requires one who sells a motor vehicle to turn in the registration certificate does not make the seller responsible as a continuing owner until a new registration is taken out. G. L. c. 90, § 9, as amended at the time of the accident forbade an owner or custodian of a motor vehicle or trailer to permit it to be operated or to remain upon any way unless it is registered. John L. Stahl was not owner or custodian of the offending truck after February 15, 1926, either as an individual or as representing the estate of William H. Stahl.

In *McDonald* v. *Dundon*, 242 Mass. 229, upon which the plaintiff chiefly relies, the defendant Rawson with full knowledge that a motor vehicle was not registered furnished motor plates to be attached wrongfully to it, in order to give it an appearance of right to be upon the highway. One who so acts contributes directly and immediately to the nuisance from the trespassing of the machine and is liable for damage done by it. An owner who allows his unregistered machine to be used contributes to a nuisance. *Gould* v. *Elder*, 219 Mass. 396. *Pierce* v. *Hutchinson*, 241 Mass. 557, 564. *Commonwealth* v. *Henrich*, 263 Mass. 579. So with one who allows his registered vehicle to be taken out and used by an unlicensed person. *Gordon* v. *Bedard*, 265 Mass. 408. In those cases there is participation in the presence of a trespassing machine upon the public ways. But there is no such participation on the part of one who has ceased to be owner or custodian of a motor vehicle and who is ignorant of its status or use thereafter. The failure to return the certificate cannot be found to be a cause of the wrongful action of the purchaser; nor, in such circumstances as here appear, to contribute to it.

The report was dismissed properly, and the order must be

*Order dismissing report affirmed.*