CHESTER LIDDELL *vs.* MIDDLESEX MOTOR CO.

Middlesex.   March 6, 1931. —. April 15, 1931..

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Nuisance.   Motor Vehicle,* Registration.  *Way,* Public.  *Sale,* Conditional.  *Name.   Practice, Civil,* Parties, Misnomer, Waiver of defect in writ.  *Words,* "Sold."

If a dealer in automobiles, to whom had been issued number plates under G. L. c. 90, § 5, in the amended form appearing in St. 1923, c. 464, § 2, sells one of his automobiles by a contract of conditional sale to an employee and, although possession and entire control of it pass to such employee, permits the employee to use thereon the number plates so issued to him as dealer, and, while the automobile with such number plates thereon is being driven by the wife of the employee and through her negligence, a boy is injured, such boy may maintain an action for the personal injuries against the dealer.

The word "sold" as used in G. L. c. 90, § 5, in the amended form appearing in St. 1923, c. 464, § 2, refers not only to absolute sales but also to conditional sales.

In the circumstances above described, the automobile was a nuisance on the public way created by the dealer.

At the trial of the action above described, there was evidence that the defendant dealer knew that an operator's license formerly held by the employee had been revoked, and that he expected the employee to use the automobile to promote his, the dealer's business. *Held*, that the dealer reasonably might have anticipated that the employee might at times permit his wife or some one else to operate the automobile and in this way continue the nuisance which by the wrongful loan of his number plates the dealer was responsible for creating; and that the dealer could not escape responsibility even though there was no direct evidence to show that he consented to the use of the automobile by the wife.

The right of a person to adopt a name in which to transact business and to sue or be sued either in that name or in his own is generally recognized.

The writ in the action of tort above described was against the Middlesex Motor Co., "a corporation duly established by law." The return by the officer serving it was that he summoned "said" Middlesex Motor Co. to appear "by giving in hand to" the dealer "its owner" a copy of the writ. An attorney appeared and filed an answer for the Middlesex Motor Car Co., but no plea in abatement. At the trial, the dealer testified that he did business under the name Middlesex Motor Car Co. and that the number plates were issued to him as a dealer, and the plaintiff sought to establish his responsibility as a dealer. At the close of the evidence, counsel for the defendant entered into a stipulation that the judge would submit to the jury the issues of due care and damages, and if the jury found that the plaintiff was in the exercise of due care and assessed damages, the judge would order a verdict for the plaintiff in the sum found by the jury and report the case to this court upon the terms that, if on the competent evidence the jury might properly have found for the plaintiff, the verdict was to stand, otherwise judgment was to be entered for the defendant; and, after answers to special questions, a verdict was ordered for the plaintiff and the action was reported accordingly. *Held*, that the dealer had waived his right to object to judgment being entered against him notwithstanding the misnomer in the writ.

TORT. Writ dated February 29, 1928.

Pleadings and proceedings and evidence when the case was tried in the Superior Court before *Macleod*, J., are stated in the opinion. After the answers to the special questions, the judge in accordance with the stipulation ordered a verdict for the plaintiff in the sum of $2,650, and reported the action for determination by this court.

The case was submitted on briefs.

*R. J. Cotter & G. B. Rowell*, for the defendant.

*J. F. Daly*, for the plaintiff.

SANDERSON, J.  This is an action of tort for personal injuries to the plaintiff, a boy five years of age, caused by an automobile driven by Louise Fee, on a public way in Cambridge on March 9, 1927.  At the conclusion of the evidence counsel entered into a stipulation that the judge would submit to the jury the issues of due care and damages, and if the jury found that the plaintiff was in the exercise of due care and assessed damages, the judge would direct a verdict for the plaintiff in the sum found by the jury and report the case to the Supreme Judicial Court upon the terms that if on the competent evidence the jury might properly have found for the plaintiff the verdict was to stand, otherwise judgment was to be entered for the defendant.  The jury found that the plaintiff was in the exercise of due care and assessed damages in a stated sum. Thereupon a verdict was directed for the plaintiff in that sum and in accordance with the stipulation the case was reported to this court.

The defendants described in the writ are Middlesex Motor Co., "a corporation duly established by law and having a usual place of business in Concord," and Louise Fee. On August 6, 1928, before the case went to trial on the merits, judgment was entered in favor of Louise Fee following a nonsuit because of the failure of the plaintiff to answer interrogatories propounded to him by her.  The substituted declaration filed in 1930 alleges that Louise Fee was operating the automobile negligently and was unlawfully upon the highway, the automobile not having been duly registered; "that the defendant his agents or servants, unlawfully and without right loaned to the said Fee or to some other person" certain registration plates issued to the defendant by the registrar of motor vehicles for the Commonwealth of Massachusetts; that these number plates were attached to the car driven by Fee in violation of the laws of the Commonwealth; and that the plaintiff was injured as a result of the defendant's contribution to and creation of a nuisance.  The answer purporting to be made by the defendant "Middlesex Motor Co." is a

general denial, contributory negligence and, by amendment in 1930, the defence was set up that at the time of the accident the motor car was being operated by and under the control of a person for whose conduct that defendant was not legally responsible. The substituted declaration seems to base liability so far as the Middlesex Motor Co. is concerned solely upon proof of a nuisance for which that defendant is legally responsible. The record states that the "plaintiff's claim is that the defendant by loaning its number plates to one Francis P. Fee contributed to cause the automobile which came into collision with the plaintiff to be a trespasser on the highway and therefore a nuisance." Ervin L. Bumford testified that he did business under the trade name Middlesex Motor Co. The case will first be considered upon the assumption that the action was properly brought, or can now be maintained against him either in his own name or under the designation of the defendant in the writ.

As a dealer in automobiles under the name Middlesex Motor Co., Bumford was the holder of number plates of a dealer. On November 13, 1926, he sold the automobile involved in the accident under an agreement of conditional sale to an employee, Francis P. Fee, the husband of Louise Fee. Title was not to pass until the automobile was paid for in full, and it had been paid for in part only at the time of the accident. After the sale the vendor permitted his number plates as dealer to remain on the automobile, and he testified that from the time of sale he never had it in his possession. His reason for allowing the plates to remain thereon was stated by him to be that the automobile was to be used in his business by Francis P. Fee. On the day of the accident Mrs. Fee was using the motor vehicle solely for her own purpose and her husband knew that she took it for that use. He testified that the number plates attached to it at that time belonged to Bumford and that the automobile was kept in Bumford's garage. James E. Fee, a brother of the purchaser, testified that the automobile was insured in his name, that he paid for the insur-

ance after his brother lost his license, that a tax bill for it came to him as owner and that at times he kept it out of doors or in his own yard over night.

By virtue of G. L. c. 90, § 5, as amended, the number plates of a dealer may be used on motor vehicles owned or controlled by him and when so used the vehicles are to be regarded as registered until sold or let for hire or loaned for a period of more than five successive days. *De Simone v. Barr,* 254 Mass. 79. *Ducharme v. Coe Motors Inc., ante,* 69, 72–73. Upon the testimony considered in its aspect most favorable to the plaintiff the jury could have found that the possession and entire control of the automobile passed to Francis P. Fee when it was sold to him. The buyer to whom possession and control of the vehicle have passed cannot legally operate the machine upon a public way if the only number plates upon it are those of the dealer from whom he bought it. *McDonald v. Dundon,* 242 Mass. 229. *Fulton v. Kaler,* 271 Mass. 23, 26. See *O'Halleron v. Miller,* 274 Mass. 508, 509–510. A motor vehicle registered under G. L. c. 90, § 2, in the name of the owner, when sold on a contract of conditional sale may continue to be legally registered in the name of the conditional vendor even though the possession and control pass to the conditional vendee. *Murray v. Indursky,* 266 Mass. 220, 223. See *Temple v. Middlesex & Boston Street Railway,* 241 Mass. 124. In the case at bar the automobile was registered not under G. L. c. 90, § 2, but under G. L. c. 90, § 5, and by reason of the terms of the latter statute the dealer's registration did not protect the motor vehicle after the dealer had sold it and parted with possession and control. The word "sold" as used in this section refers not only to absolute sales, see *Chase v. New York Central & Hudson River Railroad,* 208 Mass. 137, 156, but to conditional sales.

In *Downey v. Bay State Street Railway,* 225 Mass. 281, the court in referring to the statute states at page 284: "The provisions of St. 1909, c. 534, § 4, providing for a distinguishing number or mark to be furnished to manufacturers and dealers, instead of registering each vehicle

owned or controlled by them, refers to vehicles which remain in their possession and control as manufacturers or dealers, and not to vehicles which have been sold either conditionally or unconditionally, followed by delivery of possession and unrestricted powers of control." There is nothing contrary to this in *Tripp* v. *National Shawmut Bank of Boston,* 263 Mass. 505. See G. L. c. 106, § 3 (3).

In *Temple* v. *Middlesex & Boston Street Railway, supra,* the court assumed that the registration was that of an owner under G. L. c. 90, § 2, and undertook to decide only the effect of registration in the name of a conditional vendor as owner under that section of the statute. It follows that in the case at bar the automobile bearing the dealer's number plates at the time of the accident could have been found to be illegally registered, and for that reason a trespasser upon the public way. See *MacDonald* v. *Boston Elevated Railway,* 262 Mass. 475, 476. If Bumford parted with all control of the automobile to the vendee and without right permitted him to use the number plates upon it, as the jury could have found he did, he cannot escape responsibility for assisting in creating a nuisance on the public way when Mrs. Fee was operating the automobile, even though there is no evidence to show that he consented to the use of it by her. See *Gould* v. *Elder,* 219 Mass. 396, 398. Francis P. Fee testified that his license to operate automobiles was revoked in December, 1926, and that his brother James operated the automobile for him until he received his license back and that his wife also drove it at times. James Fee testified that he had been driving the automobile for his brother about one year. Upon the testimony of Bumford he expected it to be used to promote his business, and he knew that his employee had lost his license to operate a motor vehicle at about the time it occurred. He would naturally expect someone else to run it at least while the disability of Francis P. Fee continued, and upon the facts disclosed by the evidence he might reasonably have anticipated that the purchaser of the automobile might at times permit his wife or someone else to operate it and in this way continue the nuisance which by the wrongful loan of his

number plates Bumford was responsible for creating.  In *Pierce* v. *Hutchinson,* 241 Mass. 557, 564, the defendant having control of an automobile without lawful number plates loaned it to a person and the defendant was held liable for injuries caused by it, although at the time of the accident it was being operated by the chauffeur of the person to whom it had been loaned.  Upon the assumption that Bumford may be treated as the real defendant in the case there was competent evidence upon which the jury might have found for the plaintiff.

The right of a person to adopt a name in which to transact business and to sue or be sued either in that name or in his own seems to be generally recognized.  *Crompton* v. *Williams,* 216 Mass. 184, 186–187.  *Rand* v. *Farquhar,* 226 Mass. 91, 97.  *Lewis* v. *Scoville,* 94 Conn. 79, 85.  G. L. c. 231, § 30, provides that an allegation in a civil action that a party is a corporation shall be taken as admitted unless a special demand for proof is filed.  But Bumford in his testimony did not suggest that a corporation by that name existed or that any corporation was concerned with the issues in the case.  Upon his own testimony Middlesex Motor Co. was the name he had chosen for the conduct of his business.  He had sold the automobile and continued to hold title to it as conditional vendor.  His act in permitting his own number plates as dealer to be used upon it was the basis for charging him with responsibility for the injury to the plaintiff.  The return on the writ shows service on the defendant named therein by giving a copy of the writ and summons in hand to "E. L. Bumford its owner." It is to be assumed on this record that counsel appearing in the case following that service would undertake to protect the rights of Bumford.  It did not appear that any corporation had rights to be protected.  The plaintiff sought to establish Bumford's responsibility for the accident and the issues revolving about that question were fully tried.  The stipulation filed in the case would seem to have been made in his behalf.  Unless he is treated as a party a judgment in favor of the defendant for which the stipulation provides would be of no use to him if entered.  No plea in abate-

ment was filed. All of the essential conditions precedent to the entry of a judgment against Bumford under the name describing the defendant in the writ, as stated in *Fitzgerald* v. *Salentine*, 10 Met. 436, 438, were present in this case. Actual service of process was made upon him; he was the party intended to be sued; he has been fully heard and his liability for the plaintiff's injury has been established. If he had cared to take any advantage of a misnomer or misdescription in the writ he should have done so by plea in abatement, and not having so pleaded he has waived any objection which might have been raised by such plea and judgment may now be entered against him in the name by which he was described in the writ. *Root* v. *Fellowes*, 6 Cush. 29. *Trull* v. *Howland*, 10 Cush. 109, 112. *Sanford* v. *Hodges*, 11 Gray, 485. *White* v. *E. T. Slattery Co.* 236 Mass. 28. *Dindio* v. *Meshaka, ante,* 112, 114. *Grannis* v. *Ordean,* 234 U. S. 385, 395. See *Anderson* v. *Qualey,* 216 Mass. 106, 108.

In accordance with the terms of the report judgment is to be entered for the plaintiff on the verdict.

*So ordered.*