CHESTER LIDDELL *vs.* STANDARD ACCIDENT INSURANCE COMPANY & another.

Suffolk.    October 5, 1932. — June 27, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Insurance,* Motor vehicle liability. *Waiver. Estoppel. Evidence,* Competency. *Contract,* Validity. *Motor Vehicle,* Registration: by dealer. *Sale,* Conditional.

Following the bringing of an action of tort by one injured by an automobile upon a public way of the Commonwealth, an insurance company, which had issued a policy of compulsory motor vehicle liability insurance to the defendant, assumed the defence of the action after the insured had executed an agreement to the effect that the company denied that the accident in question was covered by the policy and that its acts in assuming the defence of the action should not be construed as an admission by it that the accident was so covered. The plaintiff in such action recovered judgment against the insured. In a suit in equity subsequently brought by the plaintiff under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the insurance company under the policy to the satisfaction of the judgment, it was *held,* that

(1) Such agreement was not invalid in itself;

(2) Such agreement was not to be declared void at the insistence of the plaintiff, who stood no better with respect thereto than did the insured;

(3) By giving effect to such agreement, the plaintiff was not deprived of any right given to him as an injured third person by the laws relating to compulsory motor vehicle insurance;

(4) Such agreement properly was admitted in evidence;

(5) By reason of such agreement, the insurance company was not estopped to deny that the policy covered liability for the injuries sustained by the plaintiff.

A dealer in motor vehicles, who has sold an automobile under a contract of conditional sale and has parted with the possession and control of the automobile, may, if he desires, register it as an owner under G. L. (Ter. Ed.) c. 90, § 2, but it is not protected by a dealer's registration issued to him under § 5.

The dealer in the circumstances above described is not required by said c. 90 to carry a policy of compulsory motor vehicle liability insurance covering such automobile.

The words "owned or controlled by him" as used in G. L. (Ter. Ed.) c. 90, §§ 5, 34C, have the same meaning in each section.

After a dealer in motor vehicles had sold an automobile under a contract of conditional sale and had parted with possession and control of the automobile, he permitted the vendee, who had not registered the automobile, to use thereon a set of dealer's number plates issued to him under G. L. (Ter. Ed.) c. 90, § 5.  One injured by the automobile on a public way of the Commonwealth recovered judgment in an action of tort against the dealer on the ground that he, by permitting such use of his plates, contributed to the maintenance of a nuisance on the way.  An insurance company, previous to such injuries, had issued to the dealer a policy of compulsory motor vehicle liability insurance covering liability for personal injuries sustained through the "operation of any or all motor vehicles . . . operated under the . . . dealers' registration and under the motor vehicle . . . registration of the Named Assured [the dealer]."  In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), by the judgment creditor to reach and apply the obligation of the insurance company to the satisfaction of his judgment, it was *held*, that the policy did not cover the liability imposed upon the dealer by the judgment, and that the suit could not be maintained.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on July 10, 1931, and afterwards amended, described in the opinion.

The suit was heard by *Sanderson*, J., upon an agreed statement of facts and other evidence.  The single justice found that the nonwaiver agreement described in the opinion was signed by the defendant Bumford before the defendant Standard Accident Insurance Company entered upon the defence of the action by the plaintiff against Bumford.  Other material facts are stated in the opinion.  By order of the single justice, a final decree dismissing the bill was entered.  The plaintiff and the defendant Bumford appealed.

*J. F. Daly,* for the plaintiff.

*D. H. Fulton,* for the defendant Bumford.

*G. B. Rowell,* (*C. F. Albert* with him,) for the defendant Standard Accident Insurance Company.

RUGG, C.J. The plaintiff was injured by an automobile on a public way in this Commonwealth. Liability for his injuries thus received has been established against the defendant Bumford (hereafter called the defendant) by verdict of a jury and a decision of this court reported in 275 Mass. 346, under the name of *Liddell* v. *Middlesex Motor Co.* The declaration on which the plaintiff prevailed in that action alleged that the automobile was being operated negligently and was unlawfully on the highway because not duly registered, and that the defendant unlawfully and without right loaned for use on it registration plates issued to him. The contention that the defendant was liable was based upon proof of a nuisance on the highway for which the defendant was legally responsible. The defendant Standard Accident Insurance Company (hereafter called the insurer) insured the defendant with respect to certain motor vehicles. The insurer through its attorneys defended the original action brought by the plaintiff, but refused to satisfy the execution issued in his favor. After observance of the requisite preliminaries, this suit was brought under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply, to the satisfaction of that execution, the interest of the defendant in the policy of insurance. The case was heard upon a statement of agreed facts and other facts found by the single justice. He ruled that there was no obligation on the part of the insurer which could be reached and applied in favor of the plaintiff. A decree was entered dismissing the bill, from which the plaintiff and the defendant appealed.

The facts material to the liability of the insurer under the policy are these: The defendant, a dealer in motor vehicles, sold the automobile involved in the accident to one Fee under a conditional sale agreement, and at the time of the accident the automobile had not been paid for in full. The defendant turned over to Fee for use on the

automobile a set of dealer's plates issued to him in accordance with St. 1923, c. 464, § 2, now G. L. (Ter. Ed.) c. 90, § 5. These plates were on the automobile at the time of the accident. The automobile was turned over to Fee at the time of the conditional sale and never thereafter came into the control of the defendant, unless as matter of law on the other facts held to be under his control. At the time of the injury to the plaintiff, the automobile was being operated by the wife of Fee, not upon any business of the defendant or by his actual consent. The automobile was kept in the defendant's garage and used in his business. Fee was employed by the defendant as an automobile salesman.

The plaintiff alleged in his bill that the insurer prepared and presented the defence of the original action against the defendant and by its attorneys acted for him throughout that litigation and filed no disclaimer of liability. The insurer by its answer admitted this allegation but averred that all such acts were done under a nonwaiver agreement signed by the defendant to the effect that it denied that the accident then in issue was covered by its policy of insurance and that all its acts in connection with the claim and litigation arising out of the accident should not be construed as an admission by the insurer that the accident was covered by its policy. Evidence of such agreement was received at the trial subject to exception. This allegation of the bill was designed to fix liability on the insurer upon the principle stated in *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 472–473, and *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1, to the effect that "where an insurance company takes control of the proceedings in an action brought against the assured, it is thereby estopped to say that the liability claimed is not within the terms of the contract." That rule was quoted with approval in *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1, but it was there intimated that the insurer could avoid such estoppel by notifying the assured that it disclaimed liability under the policy, or that by continuing the defence it would not waive its defences to any action on the policy. A

course of conduct by an insurer which might otherwise constitute an admission of liability or waiver of rights is not to be so construed when taken pursuant to an agreement that it shall not have that effect. *French* v. *Hartford Life & Annuity Ins. Co.* 169 Mass. 510, 511. *Urbaniak* v. *Firemen's Ins. Co. of Newark,* 227 Mass. 132, 134. The validity of nonwaiver agreements has been upheld in numerous decisions in other jurisdictions. *Sargent Manuf. Co.* v. *Travelers' Ins. Co.* 165 Mich. 87. *Mann* v. *Employers Liability Assurance Corp.* 123 Minn. 305. *Ford Hospital* v. *Fidelity & Casualty Co. of New York,* 106 Neb. 311. *Joseph Gordon, Inc.* v. *Massachusetts Bonding & Ins. Co.* 229 N. Y. 424. Such an agreement in the circumstances here disclosed cannot be held void at the insistence of the plaintiff. An injured person as plaintiff stands in the main no better than the assured. *Goldberg* v. *Preferred Accident Ins. Co. of New York,* 279 Mass. 393, 395. There is nothing in the compulsory insurance law which supports the plaintiff's contention in this particular. No rights of an injured third person are taken away by such an agreement. *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1. There was no error in the admission of the agreement. The contention that the defendant is estopped to deny its liability on the ground of defence of the original action cannot be supported.

Liability of the defendant to the plaintiff in the original action was predicated upon the fact that he permitted the use of his plates as dealer on the automobile after delivery of its possession and unrestricted power of control to Fee, in view of the established law that the dealer's registration protects only motor vehicles which remain in his possession and control, and does not protect a motor vehicle after the dealer has sold it by conditional sale and has parted with possession and control over it, and that the buyer in such circumstances cannot legally operate it upon a public way under the number plates of the dealer. It was held that the defendant, having parted with all control over the automobile, was liable because he assisted in the creation of a nuisance on the public way by permitting the use upon

the automobile of his dealer plates without right, even though he did not consent to the particular operation of it at the time, a general expectation that some one would be operating it during the disability of his conditional vendee being sufficient. *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 350–351. *Downey* v. *Bay State Street Railway,* 225 Mass. 281, 284. *McDonald* v. *Dundon,* 242 Mass. 229. *Fulton* v. *Stahl,* 271 Mass. 23, 26. The result of the statutes and the decisions is that either the conditional vendee may register the motor vehicle in his name as owner, *Hurnanen* v. *Nicksa,* 228 Mass. 346, or the conditional vendor may register it in his name as owner, *Temple* v. *Middlesex & Boston Street Railway,* 241 Mass. 124; but if a dealer who is owner because he is conditional vendor parts with possession and control of a motor vehicle and desires to protect it by valid registration, he must do so as owner under G. L. (Ter. Ed.) c. 90, § 2, and cannot do so as dealer under G. L. (Ter. Ed.) c. 90, § 5; and if without such registration as owner he loans his dealer plates to be used on the ways of the Commonwealth by his conditional vendee who has not registered the motor vehicle as owner, he contributes to the maintenance of a nuisance on such ways and is liable accordingly. *McDonald* v. *Dundon,* 242 Mass. 229. The automobile which injured the plaintiff must be held not to have come into the possession and control of the defendant after its sale by conditional sale to Fee; otherwise there could have been no recovery by the plaintiff in the original action. If it had come back into the control of the defendant, it would have been properly protected by his number plates and his dealer's registration. The ground of recovery against the defendant in the original action was that the automobile was not being operated under the dealer's registration. It was not operated under the registration of the defendant as the assured named in the policy because no particular automobile was registered in his name. Hence the automobile, not being protected by any registration, was a nuisance on the highway and the defendant was held liable because participating in that nuisance by giving it a false appearance of legality by

wrongfully permitting his dealer's number plates to be used on it.

Since the automobile was no longer controlled by the defendant, he was not required by the compulsory insurance law to carry a policy which would cover it. By G. L. (Ter. Ed.) c. 90, § 1A, no motor vehicle may be registered unless accompanied by a certificate as defined in § 34A. The definition there given is, a certificate of an insurance company that it has issued a policy which covers such motor vehicle and runs for a period at least coterminous with that of such registration. By § 34C, a dealer applying for registration under § 5 may, in lieu of procuring a separate policy covering each motor vehicle, furnish a single policy "covering all motor vehicles owned or controlled by him" in which the amounts or limits of indemnity provided in § 34A for a motor vehicle liability policy shall apply to each motor vehicle covered thereunder. The words "owned or controlled by him" are used in both § 34C and § 5 with respect to a "dealer." They must be presumed to have been used with the same meaning in each section. *Marcus v. Street Commissioners,* 252 Mass. 331, 334, 335. It was held in 275 Mass. 346, that "owner" in § 5 did not include the defendant after he had sold the automobile to Fee under the conditional sale agreement and had parted with possession and control of it. It follows that a dealer is not required under G. L. (Ter. Ed.) c. 90, §§ 1A, 5, and 34C, or other provisions of the compulsory automobile insurance law, to cover by policy of insurance an automobile of which he has no possession or control and which has been delivered to and retained by a vendee under a conditional sale contract, although he retains title as conditional vendor. Of course he may insure such a motor vehicle if he desires.

The policy issued by the insurer to the defendant by its terms included certain indemnity for personal injuries occurring on the ways of this Commonwealth from "The operation of any or all motor vehicles . . . operated under the . . . dealers' registration and under the motor vehicle . . . registration of the Named Assured." The policy thus by

its terms covers operation under the dealer's registration and that alone, so far as concerns the case at bar. In this context registration means something different from the number plates issued as a consequence of the registration. The distinction between operating an automobile under a registration and operating an unregistered automobile bearing a set of number plates is recognized in statutes and in numerous decisions. G. L. (Ter. Ed.) c. 90, §§ 3, 5, 6, 9. *Fulton* v. *Stahl*, 271 Mass. 23. *McDonald* v. *Dundon*, 242 Mass. 229, 231. *Pierce* v. *Hutchinson*, 241 Mass. 557, 563. *Holland* v. *Boston*, 213 Mass. 560, 562. It is plain from the decision in 275 Mass. 346, 350, that the automobile in question was operated not under the defendant's registration but only under his number plates. The plaintiff can hardly recover of the defendant on the theory that he was contributing to a nuisance by permitting his number plates to be used without right on an unregistered automobile and then enforce the judgment thus recovered against the insurer on the theory that the automobile was being operated under the defendant's registration. Much clearer language would be necessary to permit that result than is found on the present record.

The conclusion is that the compulsory insurance law did not require the defendant to insure this automobile and the policy of the insurer according to its fair interpretation did not cover it at the time of the accident.

If it be thought that the plates of a dealer ought alone to afford the protection of insurance, relief must be sought from the Legislature. Courts can only interpret statutes as framed and enforce contracts as made.

*Decree affirmed.*