Wilson, J.
These are actions of tort brought by the plaintiff to recover for damages to two of his motor vehicles resulting from negligence of the defendants. The defendants filed answers of general denial, a denial of agency, and setting up contributory negligence.
The evidence offered at the trial, from which the trial judge was warranted in finding and from which he did find in part, is as follows:
The defendant, Bram, while operating an automobile, owned by the defendant, Guthro, struck an automobile, owned by the plaintiff and driven by one Keene, pushing it into another parked automobile of the plaintiff, damaging both cars. The first car of the plaintiff to be struck had the plaintiff’s dealer’s plates attached to it. It appeared that said Keene, a salesman for Stickney and Poor, on December 31, 1938, was operating their automobile which had been assigned to him to use ; that on that day Stickney and Poor sold said car to the plaintiff and contracted to buy a new car from the plaintiff; that the plaintiff did not have in *269 stock the desired model and color and the plaintiff, therefore, loaned said Keene the car with his dealer’s plates attached, to be used by him; that said Keene used said car with the dealer’s plates attached on December 31,1938, and on January 1, 2, 3 and 4, 1939, when the car was returned to the plaintiff at his place of business at about 4:00 P. M., for the sole convenience of said Keene, where it remained until the morning of January 5, 1939, when it was again loaned to said Keene with the dealer’s plates still attached thereto; that said Keene retained possession and control of the car and it was operated by him up to the time of the accident on January 7, 1939', at about 8:30 A. M. The court found for the plaintiff.
The defendant presented certain requests for rulings which properly directed the attention of the trial judge to the defence relied upon by the defendants that the car being operated by Keene was not registered as required by G-. L. c. 90, and, therefore, a trespasser upon the highway, for negligent damage to which the plaintiff could not recover. No question of pleading was raised at the trial or by the parties in the briefs filed with us.
G. L. (Ter. Ed.) c. 90, §5, provides for the issuance to dealers of special number plates and provides that “all motor vehicles . . . owned or controlled by such . . . dealer in motor vehicles . . . shall be regarded as registered under such general distinguishing number . . . until sold or let for hire or loaned for a period of five successive days; provided that number plates furnished . . . are properly displayed thereon.”
The title to the automobile in question was found by the trial judge to be in the plaintiff. See Liddell v. Middlesex Motor Co., 275 Mass. 346, 350. It is undisputed that it was loaned by the plaintiff to said Keene and was used by him upon the dates specified. The only question for our deter *270 mination is whether the judge was required to find as matter of law that such use was for a period in excess of “five successive days.”
It could have been found that the car was not loaned for any definite period, certainly not for a period in excess of five days. It could also have been found that the car was returned to the possession and control of the plaintiff on January 4,1939, and there remained until January 5, 1939, (see Liddell v. Standard Accident Ins. Co., 283 Mass. 340 345) when it was reloaned by the plaintiff to Keene for another indefinite period and was in Keene’s possession and control on January 7,1939, when the accident happened. The car was not at any time out of the plaintiff’s possession for five successive days.- It was said in DeSimone v. Barr, 254 Mass, 78, 81, that “the occasional ‘loaning’ of a motor vehicle during a period of time of more than five days is not illegal; it is a loaning for a period of more than five . successive days which is prohibited. ’ ’ See also Foley v. Bates, Mass. Adv. Sh. (1936) 2009, 2012.
It seems to us that the word “successive” as used in said section means consecutive and without any returning to the possession and control of the owner. If use of five days .in the aggregate had been intended, the statute would doubt'less-have been so phrased, as in G. L. (Ter Ed.) c. 90, §3, as amended by Acts of 1939, c. 325. Whether the car was returned to the possession and control of the plaintiff on January 4 and a new “loaning” occurred on January 5, presented an issue of fact for the trial court which is not within our province to review.
No prejudicial error appears upon the record and the report is dismissed.