SILVIO DI CECCA *vs.* JOSEPH BUCCI.

Middlesex.    December 8, 1931. — December 28, 1931.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle*, Registration, Operation.

Where the owner of an automobile, in making application for its regis-
tration, correctly stated the number of his residence on a street, but
erroneously stated the municipality in which 'the street was, the au-
tomobile was not registered legally, even though the municipality
stated in the application was contiguous to the one in which the owner
lived and his residence therein was near the boundary line.

In an action for damage to an automobile owned by the plaintiff, it
appeared that the damage resulted when the automobile was struck,
while stopped beside the way for the purpose of procuring gasoline,
by a motor vehicle negligently operated by the defendant; that the
plaintiff's automobile was not registered legally; and that the plain-
tiff was not present at the time of the collision, having lent the auto-
mobile to the person then in possession of it to use for his own pur-
poses. *Held*, that

   (1) The automobile was being "operated" at the time of the colli-
sion, within the meaning of G. L. c. 90, § 9, in the amended form
appearing in St. 1929, c. 180;

   . (2) The plaintiff had violated said statute;

   (3) The plaintiff being the owner of the automobile, his violation
of the statute barred recovery without proof that he knew or had
reason to know of the violation.

TORT.    Writ in the First District Court of Eastern Mid-
dlesex dated March 4, 1931.

The action was heard in the District Court by *Newton*, J.
Material evidence is stated in the opinion.    The judge
found for the plaintiff in the sum of $325 and reported the
action to the Appellate Division for the Northern District.
.The report was ordered dismissed.    The defendant appealed.

   *J. G. Ashe*, for the defendant.

   *W. J. Gould*, for the plaintiff.

   FIELD, J.    This is an action of tort brought in the Dis-
trict Court by the owner of an automobile to recover
compensation for damage resulting from its being struck
by an automobile owned and operated by the defendant.

There was evidence that the plaintiff's automobile was stopped beside the road, that some of the occupants had gone to get gasoline, and that while the automobile was so stopped the defendant's automobile ran into the rear of it. It was admitted that there was evidence of the defendant's negligence. The defendant, however, contends that recovery is barred by the fact that the plaintiff's automobile was not registered according to law. That question was duly raised before the trial judge who ruled against the defendant's contention and found for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed.

The plaintiff's automobile was not legally registered. G. L. c. 90, § 2, as amended (see St. 1928, c. 316, § 3), requires that an application for registration of an automobile state the address of the applicant. It is undisputed that this automobile was registered in the name of the plaintiff, and that the application for registration as well as the certificate of registration gave his address as "number 117 Audubon Road, Brookline, Massachusetts." The report states that "On uncontradicted evidence, the defendant proved conclusively that there is no number 117 Audubon Road, Brookline, Massachusetts; that there is no Audubon Road in Brookline, Massachusetts, and that 117 Audubon Road is in Boston, Massachusetts. Audubon Road starts in Boston at the Brookline line, and runs into Boston." The statute, therefore, was not complied with, and the noncompliance was in a vital matter. Identification of the owner, which is one of the purposes of registration (see *Koley* v. *Williams,* 265 Mass. 601, 603; *Nash* v. *Lang,* 268 Mass. 407, 409), requires a correct statement of his address in respect to the municipality. The erroneous substitution of Brookline for Boston in the plaintiff's address cannot be regarded as immaterial, even though the municipalities are contiguous and the plaintiff's address in Boston was near Brookline. Compare *Fine* v. *Kahn,* 270 Mass. 557.

Since the plaintiff's automobile was not legally registered, the plaintiff cannot recover in this action. It appears that he was not present at the time of the accident, but, according

to his testimony, he had lent his automobile to the person who was then in possession of it.  Even though, as stated in the record, the plaintiff lent the automobile for that person's own purposes, he violated the statutory requirement that no person shall "permit" an automobile "to be operated upon or to remain upon any way" unless registered in accordance with law.  G. L. c. 90, § 9, as finally amended by St. 1929, c. 180.  *Gould* v. *Elder,* 219 Mass. 396, 399.  See also *Fulton* v. *Stahl,* 271 Mass. 23, 26; *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 351.  The automobile was being "operated" within the meaning of the statute.  *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 445.  Such violation bars recovery for negligence.  See *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, 447–448; *Fine* v. *Kahn,* 270 Mass. 557.  See also *McDonald* v. *Dundon,* 242 Mass. 229, 233; *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346.  Nor is the plaintiff aided by the provision of G. L. c. 90, § 9, as amended by St. 1929, c. 180, that violation of this section "shall not constitute a defence to actions of tort for . . ., injury to property, unless it is shown that the person injured in his . . . property . . . was the owner or operator of the motor vehicle the operation of which was in violation of this section, or unless it is shown that the . . . owner of the property so injured, knew or had reasonable cause to know that this section was being violated."  The plaintiff seeks to recover damages as the owner of the automobile.  The proof of ownership of the automobile by him, upon which he relies to establish his case, at the same time deprives him of the benefit of this provision.  Under this provision violation of the statutory prohibition against permitting the operation of an automobile not legally registered is a defence to an action of tort for negligence brought by the owner of such an automobile, without the further proof that such owner knew or had reason to know of the violation.  See *Bacon* v. *Boston Elevated Railway,* 256 Mass. 30, 32.

It follows that the order of the Appellate Division must be reversed, the finding for the plaintiff vacated, and judgment entered for the defendant.

*So ordered.*