RALPH RICKER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   January 14, 1935. — March 5, 1935.

Present: CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Motor Vehicle*, Registration.

A motor vehicle, registered with the residence and address of the owner specified as 78 Kilsyth Road, Brookline, as stated in his application, was improperly registered where there was in Brookline no such number on Kilsyth Road, which runs both in Brookline and in the Brighton district of Boston, and that number was in Brighton, although mail, whether addressed to that number in Brighton or in Brookline, was delivered thereto from the Brookline post office.

TORT. Writ in the Third District Court of Eastern Middlesex dated February 5, 1934.

The action was heard in the District Court by *Counihan,* J., who found for the plaintiff in the sum of $300 and reported the action to the Appellate Division for the Northern District. The report contained the facts stated in the opinion and also evidence that "seventy-five per cent of the mail comes addressed '78 Kilsyth Road, Brookline'; that twenty-five per cent of the mail is addressed '78 Kilsyth Road, Brighton'; and that the latter twenty-five per cent goes to the Brighton post office and then to the Brookline post office, from which it is delivered." The finding for the

plaintiff was ordered vacated and judgment for the defendant was ordered entered. The plaintiff appealed.

*H. Kisloff*, for the plaintiff.

*F. W. Crocker*, for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries sustained by the plaintiff while travelling in an automobile on a public highway in the town of Arlington, in this Commonwealth, through the alleged negligence of the defendant, its servants or agents in the operation and maintenance of one of its street cars. By an amendment to the declaration it was further alleged by the plaintiff, in substance, that another automobile was caused to collide with the motor vehicle of the plaintiff "due to the gross, wilful and wanton misconduct" on the part of the defendant, its agents or servants in the operation of one of its street cars. The trial judge found for the plaintiff in the sum of $300, and denied the defendant's first, second and fourth requests for rulings.

It is recited in the report that it was agreed by the defendant that the finding for the plaintiff on the ground of negligence of the defendant was proper unless the motor vehicle, driven by the plaintiff at the time he was injured, was a trespasser upon the highway. It is further recited in the report that the defendant was not guilty of reckless or wanton injury to the plaintiff, and that if the automobile driven by the plaintiff was a trespasser on the highway there should be a finding for the defendant.

It appeared at the trial that the automobile operated by the plaintiff at the time of the accident was registered in the name of Edith W. Ricker, whose residence and address were stated in the application for registration, and in the registration, to be "78 Kilsyth Road, Brookline, Massachusetts." The record shows that Kilsyth Road runs both in Brookline and in that part of Boston known as Brighton, that there is no number 78 Kilsyth Road in Brookline and that number 78 Kilsyth Road is in Brighton.

At the close of the evidence the defendant made the following requests for rulings: "1. Upon all the evidence the automobile driven by the plaintiff at the time of the acci-

dent was illegally registered and a finding must be made for the defendant. 2. Upon all the evidence the owner of the automobile driven by the plaintiff failed to comply with the statute in regard to registration of an automobile by misstating the owner's address, and therefore the plaintiff was a trespasser upon the highway and cannot recover from the defendant except for reckless and wanton injury to him." The judge refused to give these requests, gave the defendant's third request that "The defendant was not guilty of reckless and wanton injury to the plaintiff . . . ," and found for the plaintiff. Upon a report to the Appellate Division it was held that there was prejudicial error in the denial of the defendant's second request. It was ordered that the finding for the plaintiff be vacated and that judgment be entered for the defendant.

No error appears. G. L. (Ter. Ed.) c. 90, § 2, provides that an application for registration, in addition to other information, shall contain "a statement of the name, place of residence and address of the applicant." The intent is, that the owner may be readily found by police officers, injured persons, and others interested, without uncertainty or need for search. The required facts as to name, residence and address are simple, within the knowledge of the applicant, and ordinarily incapable of being mistaken or misstated without carelessness. Under the authority of *Di Cecca* v. *Bucci*, 278 Mass. 15, the automobile in which the plaintiff was riding was improperly registered. The case is distinguishable from *Topf* v. *Holland*, 288 Mass. 552. Although the plaintiff was not the owner of the automobile, he was its operator. G. L. (Ter. Ed.) c. 90, § 9. The violation of the statute as to registration is a bar to recovery by the plaintiff on the ground of negligence, and no reckless or wanton conduct is shown.

*Order of Appellate Division affirmed.*