EDNA CREAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 6, 1934. — October 29, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Motor Vehicle*, Registration, Operation.  *Evidence*, Competency, Public record.

Registration of a motor vehicle, made on an application stating neither the residence nor the mailing address of the applicant, was invalid, and by force of G. L. (Ter. Ed.) c. 90, § 9, the operator of such vehicle upon a public way could not recover for injuries received while so operating.

A faulty application for registration of a motor vehicle was not cured by recitals made in an accompanying certificate of an insurance company as to its issuance of a policy of compulsory motor vehicle liability insurance to the applicant.

On the issue whether proper application had been made for registration of a motor vehicle, an office index card of the registry of motor vehicles, to which the applicant was not party, rightly was excluded.

TORT.    Writ dated January 7, 1930.

The action was tried in the Superior Court before *Bishop*, J., who ordered a verdict for the defendant.  The plaintiff alleged exceptions.

The case was argued at the bar in December, 1934, before *Rugg*, C.J., *Crosby*, *Donahue*, & *Lummus*, JJ., and afterwards was submitted on briefs to all the Justices.

*S. Abrams*, (*E. J. Davis* with him,) for the plaintiff.

*J. E. Hannigan*, for the defendant.

RUGG, C.J.    The plaintiff received injuries in August, 1929, while operating a motor vehicle, by reason of collision with a trolley car of the defendant at a place where there was a crossover from one side of Commonwealth Avenue, in Boston, to the other side across two lines of tracks of the defendant laid in the center of the avenue within a grass plot not physically open to travel to any other vehicle except at the crossover.  The plaintiff had no license to

operate an automobile. She was operating an automobile owned by Timothy Charles Crean, who was not present at the accident but whose brother was with the plaintiff. The custodian of the records of the registry of motor vehicles, called as a witness by the defendant, testified that she had with her the application for registration of the automobile made by the owner and all the records concerning it for the year 1929, and that there had been no changes or alterations in it except perhaps some of the stamps thereon. The application was rightly admitted in evidence. It purported to be signed by the owner. It was in the usual form with a space under the heading "Massachusetts residential address" and another space under the heading "Mail address in full." Nothing was written in either of these spaces; they were blank. There was on the application as signed by the owner no indication of his residence or address.

It was required by St. 1928, c. 316, § 3, now G. L. (Ter. Ed.) c. 90, § 2, that the application for registration of a motor vehicle by the owner should contain, in addition to other particulars, "a statement of the name, place of residence and address of the applicant." Plainly this application was not in conformity to either the letter or the design of that requirement. The statute puts each of these three mandates on the same footing. It often has been decided that a misstatement of the name of the owner in the application invalidates the registration. *Rolli* v. *Converse*, 227 Mass. 162, 165. *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30. *Fine* v. *Kahn*, 270 Mass. 557. *Roselli* v. *Riseman*, 280 Mass. 338. *Furtado* v. *Humphrey*, 284 Mass. 570. *LaFucci* v. *Palladino*, 285 Mass. 240. *Caccavo* v. *Kearney*, 286 Mass. 480, 484–485. It was held in *Di Cecca* v. *Bucci*, 278 Mass. 15, that where the address of the owner was stated in the application to be 117 Audubon Road, Brookline, when in truth it was 117 Audubon Road, Boston, the registration was illegal. It was there said (page 16): "Identification of the owner, which is one of the purposes of registration (see *Koley* v. *Williams*, 265 Mass. 601, 603; *Nash* v. *Lang*, 268 Mass. 407, 409), requires a correct statement of his address in respect to the municipality." This decision

was followed in *Ricker* v. *Boston Elevated Railway,* 290 Mass. 111, where this language occurs at page 113: "The intent [of the statute] is, that the owner may be readily found by police officers, injured persons, and others · interested, without uncertainty or need for search. The required facts as to name, residence and address are simple, within the knowledge of the applicant, and ordinarily incapable of being mistaken or misstated without carelessness." The case at bar is distinguishable from *Topf* v. *Holland,* 288 Mass. 552, where it was found that the address given was adequate to identify the applicant and, although close to the line, it was held sufficient.

This omission of statement as to residence and address in the application is not met by a recital in the accompanying certificate of an insurance company that it had issued the requisite compulsory insurance to the applicant. That certificate is filled out and signed by the insurance company; it is made subsequently to the application and is in no way authenticated by the applicant.

There was no effective challenge of the testimony of the custodian of the public records. Her testimony was that she brought to the witness stand all the records touching this application for registration. Her testimony that records when not complete on their face might be amended did not afford any indication that these records had been amended. The counsel for the plaintiff merely suggested that there might have been amendments. This was quite insufficient in the face of the testimony that all the records were in court. That testimony was not shaken. *Dean* v. *Boston Elevated Railway,* 217 Mass. 495, 498. The exclusion of the index card was right. For the index card the owner of the automobile was in no way responsible, so far as appears. *Posell* v. *Herscovitz,* 237 Mass. 513. The case at bar is too clearly distinguishable from *Walsh* v. *Alfred Sears Co.* 270 Mass. 296, to require discussion.

It is plain that the application for the registration of the automobile operated by the plaintiff, without any statement whatever of the place of residence or address of the applicant, failed to conform to the statute and was insufficient.

It follows that the automobile was illegally registered and was wrongfully on the highway.

It was provided by St. 1928, c. 381, § 3, now G. L. (Ter. Ed.) c. 90, § 9, that "No person shall operate any motor vehicle . . . unless such vehicle is registered in accordance with this chapter . . . but violation of this section shall not constitute a defence to actions of tort for injuries suffered by a person . . . unless it is shown that the person injured . . . was the . . . operator of the motor vehicle the operation of which was in violation of this section . . . ." The plaintiff confessedly was operating the illegally registered motor vehicle at the time of her injury. Hence she cannot recover for injuries received by her. *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30. *Ricker* v. *Boston Elevated Railway*, 290 Mass. 111.

It is unnecessary to consider the other questions argued.

*Exceptions overruled.*