RUTH BRODMERKLE *vs.* CHESTER A. GOROLSKY.

THEODORE J. BRODMERKLE *vs.* SAME.

Worcester.   January 8, 1936. — February 25, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Motor Vehicle*, Registration.   *Practice, Civil*, Requests, rulings and instructions.

Registration of a motor truck, which did not state the residence of the owner, who resided in Lancaster Four Corners in the southerly part of Lancaster, and stated his mailing address as "Sterling," when it was "Sterling Junction, R. F. D.," was invalid.

Neither the owner nor the operator of an unregistered motor vehicle can recover in an action of tort for damage resulting from ordinary negligence of the operator of another vehicle causing a collision of the vehicles on a public way.

A judge properly may refuse a request for a ruling which singles out portions of the evidence for special attention.

TWO ACTIONS OF TORT.   Writs dated January 20, 1933.

In the Superior Court, the actions were tried together before *Fosdick*, J.   A verdict was ordered for the defendant on the first count in each declaration, and on the second counts the jury found for the defendant.   The plaintiffs alleged exceptions.

The cases were submitted on briefs.

*F. P. Ryan* & *J. A. Barnes, Jr.*, for the plaintiffs.

*D. F. Gay*, for the defendant.

QUA, J.   An automobile truck owned by the plaintiff Theodore J. Brodmerkle and driven by the plaintiff Ruth Brodmerkle became involved in a collision with an automobile driven by the defendant on Main Street in the town of Lancaster.

The first count in each declaration is based upon alleged negligence of the defendant.   In each case the judge directed a verdict for the defendant on the first count on the ground that the truck was not properly registered.

The plaintiff Theodore J. Brodmerkle, owner of the

truck, lived in the southerly part of the town of Lancaster, at Lancaster Four Corners, which is about one and a half miles from the Lancaster post office and about two and a half miles from the Sterling post office and about three miles from Sterling Junction. His mailing address was "Sterling Junction, R. F. D." He was "on the R. F. D., the rural free delivery from Sterling." The "registration" as "introduced in evidence" showed the owner's name and address as follows: "Name: Theodore J. Brodmerkle Street: ——————— City: Sterling, Mass."

G. L. (Ter. Ed.) c. 90, § 2, requires that both the application and the certificate of registration shall contain "the name, place of residence and address of the applicant." This "puts each of these three mandates on the same footing." *Crean.*v. *Boston Elevated Railway,* 292 Mass. 226, 227. Under the terms of the statute, they apply both to the application and to the certificate. See *Staley* v. *Wilbur,* 258 Mass. 481. Each of these documents is an essential part of the legislative plan for the registration of motor vehicles. The object of that plan is to insure at all times easy identification of the vehicle and its owner. The application is the basis of the public record which remains open for inspection in the office of the registrar. The certificate (except in the case of a dealer) must accompany the vehicle for use on the road. G. L. (Ter. Ed.) c. 90, § 11. The applicant is himself the source of that which is contained in the application and he has ample opportunity to see to it that the certificate is also complete and correct.

The applicant did not live in Sterling. His true residence is not stated at all. From the practical standpoint of giving information which would make it easy to find the owner, the certificate was defective. Perhaps a letter addressed simply to Sterling would have reached him; but a person seeking to visit him would have gone to the wrong town and at least would have suffered inconvenience in discovering him. The truck was not registered. The direction of a verdict for the defendant on the first count was right as to both the owner and the operator. *DiCecca* v. *Bucci,* 278 Mass. 15, *Ricker* v. *Boston Elevated Railway,*

290 Mass. 111. *Crean* v. *Boston Elevated Railway,* 292 Mass. 226. G. L. (Ter. Ed.) c. 90, § 9. The case is distinguishable from *Topf* v. *Holland,* 288 Mass. 552.

The second count in each case is based upon alleged reckless, wilful and wanton misconduct of the defendant. The jury found for the defendant on this issue. There was no error in refusing the plaintiffs' requests for rulings. They called upon the judge to single out portions of the evidence for special attention. *Buckley* v. *Frankel,* 262 Mass. 13.

*Exceptions overruled.*