### PASQUALE LAPPANASSE *vs.* JENNIE LOOMIS.

Hampden.    May 13, 1937. — May 24, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Motor Vehicle,* Registration.

Registration of an automobile was invalid where the application and the certificate stated incorrectly the house number of the registrant's residence on a street having thirteen houses and it was uncertain

---

whether inquiry at the number stated or in the neighborhood would have enabled one to find him, though mail addressed to that number might have reached him.

TORT. Writ in the Superior Court dated June 12, 1934.

The action was heard without a jury by *Broadhurst*, J., who found for the defendant and reported the action for determination by this court.

*M. I. Holstein*, for the plaintiff.

*Harold P. Small*, for the defendant, submitted a brief.

CROSBY, J. This is an action of tort to recover for personal injuries, received by the plaintiff on August 15, 1933, while operating an automobile on Riverdale Road, in Holyoke, in this Commonwealth. An auditor, before whom the case was heard, found the defendant negligent but denied recovery on the ground that the automobile operated by the plaintiff was improperly registered as matter of law. Both parties waived the right to a trial by jury, and agreed to submit the case to the court on the auditor's report, a statement of some of the material facts, and an offer of proof by the plaintiff. The trial judge ruled that the automobile operated by the plaintiff was not lawfully registered, and found for the defendant. The plaintiff excepted to this ruling, and the parties stipulated that the case might be reported on request of the plaintiff, and that if, upon the agreed facts, the auditor's report and the facts offered to be proved by the plaintiff, it could, as matter of law, be found that the automobile was lawfully registered in the name of the plaintiff's sister, judgment should be entered for the plaintiff in the sum of $750; otherwise judgment should be entered for the defendant on the finding.

Certain facts are as follows: The automobile operated by the plaintiff at the time of the accident was owned by the plaintiff's sister, Adeline Odato, to whom a certificate of registration thereof had been issued on March 29, 1933, on her application. In the application and the certificate of registration, her residence was described as 8 Brigham Street, Springfield, Massachusetts, but in fact her residence, at the date of the accident and at the date of the registration, was and for about two years prior to the latter date

had been 34 Brigham Street, Springfield. Adeline Odato is a married woman who had for over a year prior to February 1, 1931, lived at 8 Brigham Street in Springfield, but "on or about" February, 1931, she and her husband had separated, and she had gone to live with her parents at 34 Brigham Street. The last name of the parents was the same as the last name of the plaintiff. Brigham Street is and for several years has been a public street. It is about six hundred feet long, and has on it on both sides thirteen dwelling houses, all bearing different numbers. The house at 8 Brigham Street is a three-family house, all of the tenements in which were occupied at the time of the registration of the automobile. No one lived in the house then or has since whose name was Odato. The house at 34 Brigham Street is a single-family house occupied by the parents of the plaintiff and Adeline Odato. In addition to the above facts the following offer of proof was made: Mail and letters addressed to Adeline Odato, whether at 8 Brigham Street or at 34 Brigham Street in 1933, had been received by her at 34 Brigham Street. She was known to persons who resided on Brigham Street in and since 1933, to live at 34 Brigham Street and not at 8 Brigham Street.

G. L. (Ter. Ed.) c. 90, § 2, requires that the application and certificate of registration shall contain "the name, place of residence and address of the applicant." The purpose of this requirement is to insure at all times easy identification of the vehicle and its owner. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517, 518. *Doyle* v. *Goldberg*, 294 Mass. 105, 107. The applicant in the case at bar did not live at 8 Brigham Street. Her residence was at 34 Brigham Street. The certificate was therefore defective as it did not give accurate information as to the residence and address of the owner. From the facts which could have been found, a letter addressed to the owner at 8 Brigham Street might have been received by her. If a person sought to see the registrant at 8 Brigham Street he would have difficulty in finding her. There is no evidence to show that inquiry at 8 Brigham Street would have disclosed the place where the registrant was to be found. Although inquiry could be

made of people in the neighborhood, there is no certainty that any of those from whom inquiry might be made would know of the residence of the registrant. The applicant is the source of the information contained in the application and certificate of registration, and he has ample opportunity to see that they are complete and correct. A failure in this particular is fatal to the legality of the registration. The case is governed in principle by the decisions in *Di Cecca* v. *Bucci,* 278 Mass. 15, *Ricker* v. *Boston Elevated Railway,* 290 Mass. 111, *Crean* v. *Boston Elevated Railway,* 292 Mass. 226 and *Brodmerkle* v. *Gorolsky,* 293 Mass. 517. The case at bar is distinguishable from *Topf* v. *Holland,* 288 Mass. 552, where it was found that the address given was adequate to identify the applicant, and, although the question was close, the address was held sufficient. Here, a visit to the address given might not have accomplished anything so far as the location of the registrant was concerned. The plaintiff, although not the owner, was the operator of the motor vehicle and is barred from recovery under the provisions of G. L. (Ter. Ed.) c. 90, § 9. *Ricker* v. *Boston Elevated Railway,* 290 Mass. 111, 113. *Crean* v. *Boston Elevated Railway,* 292 Mass. 226.

The trial judge rightly ruled that the automobile operated by the plaintiff was not lawfully registered, and found for the defendant. In accordance with the terms of the report judgment is to be entered for the defendant on the finding.

*So ordered.*