LENA FARIA *vs.* JOSEPH F. VERAS.

CHARLES FARIA *vs.* SAME.

CHARLES FARIA, JR., *vs.* SAME.

MARY FARIA *vs.* SAME.

MANUEL BOTELHO, administrator, *vs.* SAME.

Bristol.　　October 26, 1936. — September 15, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Motor Vehicle*, Registration. *Evidence*, Relevancy.

An erroneous description of a "four door" or "brougham" or "sedan" type of automobile as a "coach," contained only in its certificate of registration and in the registrar's index card, did not invalidate the registration.

An erroneous description of an automobile in its certificate of registration was not conclusive proof that there was the same error in the owner's application for registration.

The contents of an index card of the registry of motor vehicles as to an automobile were not admissible, without more, to prove the contents of a destroyed application for registration of the automobile.

FIVE ACTIONS OF TORT. Writs in the first four actions in the Second District Court of Bristol dated January 14, 1931; writ in the fifth action in the Superior Court dated February 19, 1931.

Upon removal of the first four actions to the Superior Court the actions were tried together before *Hanify*, J. There was a verdict for the defendant in each action. The plaintiffs alleged exceptions.

The cases were submitted on briefs.

*H. W. Radovsky & J. B. Kelley, Jr.,* for the plaintiffs.

*H. F. Hathaway,* for the defendant.

FIELD, J. These five actions of tort were tried together. Four of them are brought to recover compensation for personal injuries sustained by the plaintiffs by reason of a collision on a highway on November 11, 1930, between the automobile in which they were riding and an automobile operated by the defendant. The fifth action is brought by an administrator to recover for the death of his intestate, who was riding in the automobile with the other plaintiffs, resulting from the same collision. The declaration in each case contains a count alleging improper registration of the automobile operated by the defendant. There was a verdict for the defendant in each case. The cases come before us on the plaintiffs' exceptions to the exclusion of evidence and to the refusal of the judge to instruct the jury as requested. These exceptions relate solely to the issue of improper registration.

Liability for injuries resulting from the operation of an automobile improperly registered is based on violation of the statute providing that no "person shall operate any motor vehicle . . . [with exceptions not here material] unless such vehicle is registered in accordance with this chapter." G. L. (Ter. Ed.) c. 90, § 9. See St. 1929, c. 180.

*Balian* v. *Ogassin*, 277 Mass. 525, 530.  Material statutory
provisions relative to registration are as follows: "Applica-
tion for the registration of motor vehicles and trailers may
be made by the owner thereof.  The application shall con-
tain, in addition to such other particulars as may be re-
quired by the registrar, a statement of the name, place of
residence and address of the applicant, with a brief descrip-
tion of the motor vehicle or trailer, including the name of
the maker, the number, if any, affixed by the maker, and,
in case of a motor vehicle, the engine number and the char-
acter of the motor power. . . . The registrar or his duly
authorized agents shall register in a book or upon suitable
index cards to be kept for the purpose the motor vehicle or
trailer described in the application, giving to the vehicle a
distinguishing mark or number to be known as the register
number for that vehicle, and shall thereupon issue to the
applicant a certificate of registration.  The certificate shall
contain the name, place of residence and address of the
applicant and the register number or mark, and shall be in
such form and contain such further information as the regis-
trar may determine."  G. L. (Ter. Ed.) c. 90, § 2.  See St.
1928, c. 316, § 3.

The burden of proving that the automobile operated by
the defendant was not registered as required by law was on
the plaintiffs.  See *Conroy* v. *Mather*, 217 Mass. 91.  The
case for the plaintiffs rests on the ground that it was not so
registered, because it was not described in accordance with
the statutory requirements, in that it was improperly de-
scribed as a "coach."  There was evidence that this auto-
mobile was a "four door car," a "brougham" or a "sedan,"
that "it could be called either with equal propriety," and
that "there is no structural difference in the two cars."
There was also evidence that a "coach" has only two doors,
and "is an entirely different type of car from a sedan,
whether it is called a sedan or a brougham," and that "in
the general automobile trade when one speaks of a sedan he
cannot possibly have in mind a coach."  The plaintiffs rely
on improper description in the application for registration,
in index cards kept by the registrar of motor vehicles and

in the certificate of registration. There was evidence from which it could have been found that in the application — which had been destroyed by the time of the trial — the automobile was described as a "brougham." The defendant testified, however, and his testimony was corroborated, and not contradicted, that in the certificate of registration the automobile was described mistakenly as a "coach instead of a brougham." And there was testimony by an employee in the office of the registrar of motor vehicles that in certain "index cards," which are made up from the "register book" or "record book" in the office, the automobile was described as a "coach."

The plaintiffs argue exceptions to the refusal by the judge of six of their requests for rulings. These requested rulings — except that numbered 19 — are set out in a footnote.* There was no error in the refusal of any of these requests.

Requested ruling numbered 19 was as follows: "If the jury find that a coach was a basically different type of automobile than a sedan or brougham, and the certificate of registration described the defendant's automobile as a coach, whereas it was a sedan or brougham, then the defendant's automobile was improperly registered." There was evidence warranting the finding of the facts stated in this requested ruling. The question for determination, therefore, is whether these facts, if found, would as matter of law require the conclusion that the automobile was improperly registered. They would not.

---

*"2. On all the evidence, the plaintiffs are entitled to recover on the count alleged improper registration unless the defendant, by a fair preponderance of the evidence, proves that each plaintiff or the deceased as applicable to his particular case, was guilty of contributory negligence.

"3. If the defendant owned and operated a Hudson sedan and it was registered as a Hudson coach, said automobile was improperly registered and the defendant would be an outlaw on the highway and the jury would be required to find in behalf of the plaintiffs unless the defendant proves, by a fair preponderance of the evidence, that each plaintiff, or the deceased, as applicable to his own case, was guilty of contributory negligence."

"17. If the jury find that the index cards at the registry of motor vehicles described the defendant's automobile as a coach whereas it was a sedan or brougham, then the defendant's automobile was improperly registered.

"18. If the jury find that the certificate of registration of the defendant's automobile described the same as a coach whereas it was a sedan or brougham, then the defendant's automobile was improperly registered. . . . "

"21. The law forbids the operation of an automobile that is not registered correctly as to the basic type of vehicle even though the owner or operator is innocent as to the mistake."

Except as modified by statute with respect to "so much of the description" of an automobile "as relates to the engine, serial or maker's number thereof" (G. L. [Ter. Ed.] c. 90, § 9), failure of the application for registration — which must be made by the owner of the automobile — to contain the statements required by G. L. (Ter. Ed.) c. 90, § 2, apart from trifling inaccuracies (see *Caverno* v. *Houghton*, 294 Mass. 110, 113) invalidates the registration. See now St. 1934, c. 361. This principle applies to error in description, and included, prior to the change in the statute by St. 1928, c. 187, § 1, even an innocent mistake in the engine, serial or maker's number. See *Leonard* v. *Conquest*, 274 Mass. 347, 351; *Emeneau* v. *Hillery*, 282 Mass. 280, 284. See also *Nichols* v. *Holyoke Street Railway*, 250 Mass. 88.

The certificate of registration, however, is issued by the "registrar or his duly authorized agents." See G. L. (Ter. Ed.) c. 90, § 2. The statute does not provide that this certificate be filled out by the applicant. Nevertheless, *Brodmerkle* v. *Gorolsky*, 293 Mass. 517, is authority for the proposition that an automobile is not legally registered where the certificate of registration contains no statement of the residence and an inadequate statement of the address of the applicant. It was there said (see page 518): "G. L. (Ter. Ed.) c. 90, § 2, requires that both the application and the certificate of registration shall contain 'the name, place of residence and address of the applicant.' This 'puts each of these three mandates on the same footing.' *Crean* v. *Boston Elevated Railway*, 292 Mass. 226, 227. Under the terms of the statute, they apply both to the application and to the certificate. . . . The applicant is himself the source of that which is contained in the application and he has ample opportunity to see to it that the certificate is also complete and correct." The court, however, was there dealing with statements specifically required by statute to be contained in the certificate of registration. Though there is a specific requirement of statute that the application for registration shall contain "a brief description of the motor vehicle," there is no such specific statutory requirement with respect to a certificate of registration. Such a

description, if contained in such a certificate, is put there by virtue of a provision that the certificate shall "contain such further information as the registrar may determine." See G. L. (Ter. Ed.) c. 90, § 2. Doubtless there are excellent reasons for including in a certificate a "brief description" of the automobile registered. But the Legislature did not deem such inclusion of sufficient importance to require it specifically, as in the case of the application. And when the Legislature provided that a "mistake in so much of the description . . . as relates to the engine, serial or maker's number" should not invalidate the registration (see St. 1928, c. 187, § 1; G. L. [Ter. Ed.] c. 90, § 9), it did not deem it necessary to extend this provision to a certificate of registration, apparently on the ground that it did not regard a description of the automobile as an essential part of the certificate. We think, therefore, that an error, such as is referred to in the requested ruling, in the description of an automobile in a certificate of registration does not invalidate the registration. A somewhat similar result was reached in *Emeneau* v. *Hillery*, 282 Mass. 280, 285, where there was an erroneous statement in an application for registration with respect to a matter not required by statute to be included therein but called for by the form of application for registration prescribed by the registrar, though the statute with respect to such application provided that it should contain certain statements "in addition to such other particulars as may be required by the registrar." See G. L. (Ter. Ed.) c. 90, § 2. *Leonard* v. *Conquest*, 274 Mass. 347, relied on by the plaintiffs, does not require a different decision from that here reached. Compare also *Grover* v. *Smead*, 295 Mass. 11.

Requested ruling numbered 18 was properly refused for the same reason as requested ruling numbered 19, if not for other reasons. Requested ruling numbered 17, which is the same as requested ruling numbered 18, except that it refers to a description of the automobile in "the index cards at the registry of motor vehicles," was rightly refused. Even if the "index cards," referred to in the testimony, constitute the "book or . . . suitable index cards"

which the statute requires to be kept — a finding which was not required — an improper description therein of the automobile would not invalidate the registration. The statute does not prescribe in detail the manner in which the registrar shall "register" an automobile in such "book or upon suitable index cards." It is the application itself which is controlling. See *Crean* v. *Boston Elevated Railway*, 292 Mass. 226, 227. And by another provision of statute the registrar is required to keep a record of all applications, though after a lapse of time he is permitted to destroy applications. G. L. (Ter. Ed.) c. 90, § 30. The subject matter of requested rulings numbered 3 and 21, so far as they relate to the application for registration, was adequately covered by the charge. For reasons stated, the plaintiffs were not entitled to either of these rulings as relating to "index cards" or to the certificate of registration.

Requested ruling numbered 2 — in substance that as matter of law the automobile was not legally registered — could not rightly have been given. Obviously it could not have been given on the ground that the automobile was improperly described in the application for registration, for a contrary finding was clearly warranted. The testimony of the defendant to an improper description in the certificate of registration did not require a finding that the automobile was improperly described in the application. And, for reasons stated, this ruling could not have been given on the ground that the automobile was improperly described in the "index cards" or in the certificate of registration.

Two exceptions to the exclusion of evidence are argued. An employee of the registry, called by the plaintiffs, testified that she had examined the records. She was asked by counsel for the plaintiffs what they disclosed, counsel offering to prove by this witness that the record showed that the automobile was described therein as a "coach." The question was excluded. The witness testified that she could not say whether she saw the index card or the application. The answer would not have tended to show the contents of the application, and the contents of the index card would not have been material. See *Crean* v. *Boston Elevated Rail-*

*way,* 292 Mass. 226, 228.   And the evidence was not made admissible by reason of the fact that another employee, called by the plaintiffs, was permitted, without exception, to testify to the contents of the index card.   See *Commonwealth* v. *Wakelin,* 230 Mass. 567, 575.   The exclusion was not error.   The latter witness, after testifying to the contents of "index cards," was asked by counsel for the plaintiffs, while holding in his hand a paper — not shown by the record — "whether the index card on which was recorded this particular automobile was the same type of index card as this is," for the purpose, as stated by counsel, of rebutting the testimony to the contents of the application by showing the type of paper sent out to applicants to be filled out by them.   This witness testified that she did not see the application sent out to the defendant, see it when it came back, nor see what part, if any, he filled out.   In this state of the record the index card was not connected with the defendant and the exclusion of the question was not error. See *Crean* v. *Boston Elevated Railway,* 292 Mass. 226, 228.

*Exceptions overruled.*