MERIEL P. MATHERSON *vs*. WALLACE DICKSON.

GEORGE P. MATHERSON *vs*. SAME.

Middlesex.   May 14, 1941. — September 10, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Motor Vehicle*, Registration.   *Evidence*, Presumptions and burden of proof.   *Words*, "Mistake."

A plaintiff, seeking recovery for injuries sustained in a collision with an automobile of the defendant on the ground that the automobile was illegally registered because in his application therefor the defendant failed to comply with the requirements of law as to stating his address and residence, had the burden of proving that a misstatement with regard thereto was not a "mistake" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361.

A conclusion, that a failure of one seeking registration of an automobile to state in his application the street upon which he resided in a country district and a misstatement therein of his post office address were mistakes within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, was proper where it appeared that such failure and misstatement were not for the purpose of deceiving as to his residence, that mail addressed as stated in the application would reach him, and that anyone searching for him would have no difficulty in locating him.

TWO ACTIONS OF TORT.   Writs in the District Court of Central Middlesex dated February 1, 1939.

On removal to the Superior Court, the plaintiffs in response to motions by the defendant specified "that the defendant's car was not registered according to law because the defendant on his application for registration omitted to state his address and/or residence in accordance with the law; that even though there was a street on which the defendant lived this does not appear on his application for registration in the place set aside therefor."

Motions for judgments for the defendant on the auditor's report were heard by *Hurley*, J., and were allowed.   The plaintiffs appealed.

*G. V. Slade*, for the plaintiffs.

*R. W. Cornell*, for the defendant.

DONAHUE, J.   These actions were brought to recover damages for injuries received by a minor, and for consequential damages resulting, when an automobile in which the minor was riding was in collision on a public way with an automobile owned and operated by the defendant.

The cases were tried before an auditor whose findings were made final by the rule issued to him.   The auditor found that if, on the facts found by him, the defendant's automobile was legally registered there should be findings for the defendant, and that if it was not legally registered there should be findings for the plaintiffs in amounts stated in the report.   At a hearing in the Superior Court on motions for judgment filed by the plaintiffs and by the defendant, counsel for the plaintiffs stated that they relied solely on counts in the declarations alleging that the defendant's automobile was illegally registered.   The judge ordered that judgment be entered for the defendant in each case, and the plaintiffs appealed.

Facts found by the auditor bearing on the matter of the registration of the defendant's automobile are here set out. In the defendant's application and in the certificate of registration issued to him his "address" was stated to be "South Billerica, Massachusetts."   At the time of the accident, and for one and one half years prior to that time, he lived on a main macadam road leading from Billerica to Bedford, a distance of five miles.   There were about forty-five houses on the portion of the road that is located in Billerica.   These houses bore no street numbers and there were no signs on the road giving its name.   There was a question in his mind as to the name of the street.   He had heard it called "Great Northern Road" and also "Concord Road," but did not know which was correct.   A person who had lived near the defendant knew of the street as Concord Road for at least twenty years and never heard it called anything else.   The defendant's omission to mention the name of the road in his application was not for the purpose of deceiving anybody as to his residence.   "South Billerica" is not a town; it is a part of the town of Billerica.   The defendant's correct mailing address was "R. F. D. Bedford, Massachusetts."

Bedford is a town adjoining the town of Billerica. The defendant's name was in the telephone directory and mail addressed to him at either "Billerica" or "South Billerica" would reach him by rural free delivery from the Bedford post office. The auditor found that anyone searching for the defendant would have no difficulty in locating him.

It is the contention of the plaintiffs that the defendant's motor vehicle was not legally registered because of alleged misstatements, and the alleged omission of required statements, in the defendant's application for registration and in the certificate of registration issued to him. The statute requires that an application for registration of a motor vehicle and the certificate issued to an applicant shall contain his "name, place of residence and address." G. L. (Ter. Ed.) c. 90, § 2. The purpose of those requirements is to afford easy means for the identification of motor vehicles and their owners. *Di Cecca* v. *Bucci,* 278 Mass. 15, 16. Amendments to the original registration statute provide that a motor vehicle "shall be deemed to be registered in accordance with this chapter notwithstanding any mistake in so much of the description thereof contained in the application for registration or in the certificate required to be filed under section thirty-four B as relates to the type of such vehicle . . . or to the engine, serial or maker's number thereof, or any mistake in the statement of residence of the applicant contained in said application or certificate." G. L. (Ter. Ed.) c. 90, § 9. St. 1934, c. 361.

The burden of proving that the defendant's motor vehicle was not legally registered was on the plaintiffs. *Faria* v. *Veras,* 298 Mass. 117, 119. A "mistake" in the statement of the defendant's residence in his application or in the certificate would not invalidate the registration. The burden of negativing such a "mistake" was on the plaintiffs as part of their burden of proving that the defendant's motor vehicle was not legally registered. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 286.

The word "mistake" appearing in § 9 of the statute was defined — in a case where the "serial" and "maker's"

numbers on the engine of a motor vehicle were not correctly stated in the application for registration — as follows: "An unconscious forgetfulness of facts which have come to the owner's knowledge and attention, resulting in an innocent failure to cause correct registration to be made, is a mistake within the meaning . . . [of the statute]. This excludes wilful omission, intentional failure, or conscious inattention to procure correct registration. It excludes every element of design. It excludes heedless or reckless conduct in view of known facts. It excludes wanton or inexcusable delay in action. It includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts." *Brown* v. *Robinson*, 275 Mass. 55, 58. *Emeneau* v. *Hillery*, 282 Mass. 280, 284. This definition of the word "mistake" applies also where an application for registration or a certificate of registration fails to state correctly the residence, or the address, of the applicant. The relief granted by the statute where there is a "mistake" in a statement of "residence" in the application for registration extends to a like "mistake" in the certificate of registration. *MacInnis* v. *Morrissey*, 298 Mass. 505, 508, 509.

In the last cited case the owner of a motor vehicle gave his business address as his "place of residence" and "address" although he had never lived there; but it was held that the finding was warranted that this was a "mistake" within the meaning of the statute and that the registration was not illegal. In *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 287, the owner of a motor vehicle failed to state the name of the town where he lived in giving his "residence" and "address." It was held that this omission could be found to be a "mistake" within the meaning of the statute. It was there said that "the conduct of the applicant in stating his residence, rather than the result as it appears on the application, constitutes the 'mistake' to which the statute refers."

There is nothing in the conduct of the defendant in procuring the registration of his motor vehicle that indicates any lack of honesty on his part or a purpose to deceive anyone, or a wilful, heedless, or intentional failure to procure a correct registration in stating "South Billerica, Massachu-

setts" as his residence and address. The correct name of the road on which the defendant lived does not appear in the record. The defendant had heard it called by two different names but he did not know its correct name. There were no signs on the road purporting to show its name, and the defendant's house and the other forty-four houses on the road bore no street numbers. In a neighborhood of this character the name of a street would have slight, if any, importance in the identification, by a person interested, of a motor vehicle or its owner where, as here, communication with its owner could easily be had by mail or by telephone. There is no town in Massachusetts named "South Billerica," but that is a section of the town of Billerica. It would seem that the designation of "South Billerica" as the defendant's place of "residence" and "address" would make easier the task of a person who sought a personal interview with him than if he designated the larger area of "Billerica" as his "residence" and "address." A letter addressed to him at "South Billerica" would be delivered at his home by rural free delivery from Bedford, an adjoining town.

The conduct of the defendant in stating, in the way he did, his "residence" and "address," in the circumstances appearing, amounted to no more than a "mistake" as that word is defined in our decisions. We are of the opinion that the plaintiffs did not sustain the burden, which was on them, of proving that the statement of the defendant in his application was other than a "mistake."

*Orders for judgment affirmed.*