WARREN ALBERT MUNSON vs. BAY STATE DREDGING & CONTRACTING CO.

Suffolk. October 6, 1941. — September 13, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Motor Vehicle*, Registration. *Negligence*, Contributory, Violation of law, Motor vehicle. *Evidence*, Presumptions and burden of proof. *Pleading, Civil*, Answer. *Practice, Civil*, Appellate Division: appeal; New trial; Findings by judge. *Error*, Whether error harmful. *Words*, "Mistake."

An allegation of contributory negligence in the answer in an action for personal injuries and damage to the plaintiff's automobile sustained in a collision on a public way with an automobile of the defendant permitted the defendant to show that at the time of the collision the plaintiff's automobile was being operated without lawful registration.

An appeal from a final decision by an Appellate Division dismissing a report of a new trial of the action which had been ordered by it in a previous decision brought both decisions to this court for review.

On appeal from a final decision by an Appellate Division dismissing a report of a second trial erroneously ordered by the Appellate Division when there had been no error at the first trial, the party prevailing at the first trial was entitled to reversal of both decisions and to judgment on the finding at the first trial.

On certain evidence and subsidiary findings by the judge in an action where the only issue was the validity of the registration of the plaintiff's automobile, a general finding for the defendant imported findings that the plaintiff's place of residence had been misstated in his application for registration and in the certificate thereof and that the misstatement was not a "mistake" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361.

A defendant seeking to establish want of registration of the plaintiff's motor vehicle in an action for injuries resulting from its collision with a motor vehicle of the defendant had the burden of proving that a misstatement of the plaintiff's place of residence in his application for registration and in the certificate thereof was not a "mistake" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361.

A statement in an application for registration of an automobile and in the certificate thereof, that the applicant's place of residence was at an address in Cambridge at which his estranged wife lived and he received his mail and through which he could always be located, whereas in fact he lived in a rooming house in Boston from which he was frequently absent on business, was a misstatement which properly could be found

not to be a "mistake" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361.

A misstatement of the applicant's place of residence in an application for registration of a motor vehicle and in the certificate thereof, if not a "mistake" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, as a matter of law invalidates the registration notwithstanding the facts that the applicant's name and "address" are correctly stated and that the misstatement does not interfere with the easy identification of him and of the vehicle.

Refusal of a request by the plaintiff setting forth correctly a statement of law relating to a material matter was not prejudicial error where a finding for the defendant made by the judge on another ground determinative of the case was warranted.

TORT. Writ in the District Court of Chelsea dated November 4, 1936.

The case was heard at the first trial by *Crowley*, J.

In this court the case was argued at the bar in October, 1941, before *Field*, C.J., *Donahue, Qua, Cox, & Ronan*, JJ., and afterwards was submitted on briefs to all the Justices.

*P. S. Ratzkoff*, for the defendant.

*N. H. Ponn*, for the plaintiff.

LUMMUS, J.   This is an action of tort for personal injuries and damage to an automobile, sustained by the plaintiff on July 9, 1936, when his automobile in which he was riding on Preble Street in Boston came into collision with an automobile owned by the defendant and operated by its servant. There was evidence of negligence on the part of the defendant's servant, and the defendant offered no defence on that question. In its answer the defendant did not set up want of legal registration of the plaintiff's automobile, but did set up his contributory negligence. Since it is a misdemeanor for the resident owner of a motor vehicle to "permit the same to be operated upon or to remain upon any way . . . unless such vehicle is registered in accordance with this chapter" (G. L. [Ter. Ed.] c. 90, §§ 9, 20), and a violation of that statute is evidence of negligence which can be found to be contributory, the answer opened the defence of contributory negligence in permitting the plaintiff's automobile to be operated on a way without lawful registration. *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475, 476. *Capano* v. *Melchionno*, 297 Mass. 1, 16. *MacInnis* v. *Mor-*

*rissey,* 298 Mass. 505, 509.   *VanDresser* v. *Firlings,* 305 Mass. 51, 56.   *Burns* v. *Winchell,* 305 Mass. 276, 277, 278. *Conningford* v. *Cote,* 308 Mass. 472, 475, 476.   *Malloy* v. *Newman,* 310 Mass. 269, 274.   "Where, as here, absence of legal registration could be shown under the pleadings as evidence of contributory negligence — as well as in cases where it is specially pleaded — the burden of proving that the motor . . . [vehicle] was not registered as required by law was on the defendant."   *Burns* v. *Winchell,* 305 Mass. 276, 278.   *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 285.   *Dunn* v. *Merrill,* 309 Mass. 174, 175.   *Russell* v. *Holland,* 309 Mass. 187, 190.

At the first trial the judge found for the defendant.   On a report, the Appellate Division decided that there had been prejudicial error in the denial of the plaintiff's request for a ruling numbered 10, and ordered a new trial.   On the new trial, another judge found for the plaintiff.   A second report, made by the latter judge, was dismissed by the Appellate Division, and the defendant appealed to this court.   That appeal brought here all questions of law involved in either decision of the Appellate Division.   The first question for us to consider is whether there was error at the first trial, for if there was none judgment must be entered upon the finding for the defendant made at that trial, and all subsequent proceedings become of no consequence.   *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 128, 129. *Marquis* v. *Messier,* 303 Mass. 553, 555.   See also *Peterson* v. *Hopson,* 306 Mass. 597, 600, 601; *Westland Housing Corp.* v. *Scott,* 312 Mass. 375; *Holden* v. *Bloom, ante,* 309.

At the first trial there was evidence of the following facts. The plaintiff lived in a rooming house at 4 Ringold Street in Boston, and never lived in Cambridge.   But his estranged wife lived at 24 Windsor Street in Cambridge, and he received his mail at that address.   He could have been located at any time through that address, for his wife always knew where he lived.   His business took him out of town often. With the consent of his wife, he registered his automobile from 24 Windsor Street in Cambridge.   Instead of using a garage, he parked his automobile in the street in front of her

house in Cambridge, but at various times kept it in a garage in Cambridge. At other times he kept it at 4 Ringold Street in Boston. Apparently the judge was entitled to believe as much or as little of this evidence as he thought proper. The judge expressly found as follows: "I find that the plaintiff lived in Boston and that the car was garaged in Boston."

An application for the registration of a motor vehicle must contain "a statement of the name, place of residence and address of the applicant." G. L. (Ter. Ed.) c. 90, § 2. It is true that the main purpose of these requirements is to insure easy identification of the vehicle and its owner in case of accident. *Di Cecca* v. *Bucci*, 278 Mass. 15, 16. *Ricker* v. *Boston Elevated Railway*, 290 Mass. 111, 113. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517, 518. *Doyle* v. *Goldberg*, 294 Mass. 105, 107. *Caverno* v. *Houghton*, 294 Mass. 110, 112, 113. *Lappanasse* v. *Loomis*, 297 Mass. 290, 292. *Santa Maria* v. *Trotto*, 297 Mass. 442, 445. *Sanjean* v. *Hyman*, 302 Mass. 224, 225. *Bridges* v. *Hart*, 302 Mass. 239, 243, 244. *Russell* v. *Holland*, 309 Mass. 187, 192. *Matherson* v. *Dickson*, 310 Mass. 18, 20. But the three requirements of name, place of residence and address are of equal importance under the statute, and no one of them may be ignored even though identification through the other two would be easy. *Crean* v. *Boston Elevated Railway*, 292 Mass. 226, 227, 228. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517, 518. *Faria* v. *Veras*, 298 Mass. 117, 121. *Gray* v. *Hatch*, 299 Mass. 105, 106. A statement of these requirements is not on the same footing as a statement of some fact not expressly required by the statute itself. *Dunn* v. *Merrill*, 309 Mass. 174, 176. Apart from the statutory provision as to "mistake," hereinafter discussed, these statutory requirements as to name, place of residence and address must be met, not only in the application made out by the applicant but also in the certificate of registration issued by the registrar of motor vehicles, or the registration is not lawful. G. L. (Ter. Ed.) c. 90, § 2. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517, 518. *Lappanasse* v. *Loomis*, 297 Mass. 290. *Faria* v. *Veras*, 298 Mass. 117, 121.

We interpret the evidence that the plaintiff's automobile was registered "from" his wife's house in Cambridge as meaning that that house was stated in the application and the certificate of registration as the place of residence as well as the address of the plaintiff. Contributory negligence because of want of legal registration was the only controverted question in the case, and the general finding for the defendant must be taken as establishing that the plaintiff's place of residence was stated to be his wife's house in Cambridge. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90.

In some cases there has been mention of the requirement in a form of application that the applicant state his "Massachusetts residential address" and also his "Mail address, if different." *Sanjean* v. *Hyman*, 302 Mass. 224, 225. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 284. In this case the form of the application did not appear. The statute makes no distinction between the two kinds of address, but provides simply that the "address" shall be stated. An applicant may have an address, that is, a place where mail or other communications will reach him, at a place other than his place of residence. *Doyle* v. *Goldberg*, 294 Mass. 105, 107. In this case it could have been found that the plaintiff's "address" was in Cambridge, and there was no evidence and no finding to the contrary. So far as the address is concerned, no invalidity in the registration appears.

But clearly the place of residence of the plaintiff was not truly stated. He never lived in Cambridge. He lived in Boston. As was said in *Brodmerkle* v. *Gorolsky*, 293 Mass. 517, 518, "Perhaps a letter addressed simply to Sterling [in this case, Cambridge] would have reached him; but a person seeking to visit him would have gone to the wrong town and at least would have suffered inconvenience in discovering him." In *Gray* v. *Hatch*, 299 Mass. 105, an application and a certificate were held defective where a resident of Ashfield stated his place of residence as Shelburne Falls, although the latter was his address. In *Di Cecca* v. *Bucci*, 278 Mass. 15, the street and number were correct, but the municipality was stated as Brookline when it was really Boston, though near the line. The registration was held

illegal. *Ricker* v. *Boston Elevated Railway*, 290 Mass. 111, is similar. In *Lappanasse* v. *Loomis*, 297 Mass. 290, 292, a registration was held illegal where the residence was stated as 8 Brigham Street in Springfield, and the true residence was 34 Brigham Street, for "If a person sought to see the registrant at 8 Brigham Street he would have difficulty in finding her." In *MacInnis* v. *Morrissey*, 298 Mass. 505, 506, it was said that apart from the statutory provision as to "mistake," hereinafter discussed, "a misstatement — apart from trifling inaccuracies . . . — of the plaintiff's residence in the application would invalidate an attempted registration." See also *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 285. In *Topf* v. *Holland*, 288 Mass. 552, the registrant was in the United States lighthouse service on the tender "Arbutus," which at the time of registration was at Woods Hole but before the accident was assigned to Bristol, Rhode Island. When on furlough he spent his time with his parents in Dedham. In his application he gave his Massachusetts residential address as "Box 215 — U. S. Lighthouse Depot." His mail address was "Box 215 U. S. Lighthouse Depot, New Bedford, Mass." Under the peculiar circumstances the registration was held lawful. But the court said (page 554), "The case is quite distinguishable from *Di Cecca* v. *Bucci*, 278 Mass. 15, where the address was wholly wrong as to the municipality," and it was said that the case was "close." The *Topf* case has been cited since, but almost invariably to be distinguished.

Apart from the provision as to "mistake" introduced into G. L. (Ter. Ed.) c. 90, § 9, by St. 1934, c. 361, it is clear that the plaintiff's automobile was not legally registered. That provision reads as follows: "A motor vehicle or trailer shall be deemed to be registered in accordance with this chapter notwithstanding . . . any mistake in the statement of residence of the applicant contained in said application or certificate." This provision gives relief against mistakes in the certificate of registration as well as in the application. *MacInnis* v. *Morrissey*, 298 Mass. 505. The burden which is on the defendant of proving want of lawful registration includes the burden of proving that any

misstatement of the plaintiff's place of residence was not a "mistake" within that provision. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 286. *Matherson* v. *Dickson*, 310 Mass. 18, 20.

The word "mistake" in this provision has been judicially defined. "An unconscious forgetfulness of facts which have come to the owner's knowledge and attention, resulting in an innocent failure to cause correct registration to be made, is a mistake . . . . This excludes wilful omission, intentional failure, or conscious inattention to procure correct registration. It excludes every element of design. It excludes heedless or reckless conduct in view of known facts. It excludes wanton or inexcusable delay in action. It includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts." *Brown* v. *Robinson*, 275 Mass. 55, 58. *Emeneau* v. *Hillery*, 282 Mass. 280, 284. *MacInnis* v. *Morrissey*, 298 Mass. 505, 508. *LeBlanc* v. *Cutler Co.* 305 Mass. 283, 286, 287. *Matherson* v. *Dickson*, 310 Mass. 18, 21.

It has been held that an applicant may make a "mistake" with respect to his own place of residence. In *LeBlanc* v. *Cutler Co.* 305 Mass. 283, the applicant stated the street and number of his residence, but omitted the municipality. It was held that the omission was not shown to be other than a "mistake." In *Matherson* v. *Dickson*, 310 Mass. 18, also, it was held that a "mistake" was not negatived as matter of law. In *MacInnis* v. *Morrissey*, 298 Mass. 505, the applicant stated his place of residence as "191 Main Street, Greenfield." In fact, that was his office, not his residence. He lived for six days a week in Greenfield, first in one lodging house and then in another. He had been transferred to Greenfield about six months before the registration, and his family were still at his former home in Framingham. At the time of the registration he was about to move his home and family nearer to his office, but the place had not been chosen. It was held that a "mistake" was not negatived as matter of law.

This last case is comparable to the present one. In neither did the applicant live at the place stated. In the *MacInnis* case, however, the applicant did live in the municipality,

while in the present case he lived in another.   In the *Mac-Innis* case the place of residence was in a state of transition and some uncertainty, for the lodging house appeared to be a temporary expedient.   The office was the only place connected with the applicant that had any prospect of permanence.   In the present case the conditions were apparently permanent.   The plaintiff and his wife, in popular as well as in exact speech, were living apart.   There is no evidence that he ever spent a day or a night in Cambridge, or had any belongings there.   We think that his statement that his place of residence was in Cambridge could have been found to be "heedless or reckless conduct in view of known facts" and consequently not a "mistake."   Farther than this the present case does not require us to go.

The plaintiff presented ten requests for rulings.   Those numbered 1, 2 and 3 were granted, with the statement by the judge that they were "not applicable to facts found." These requests were in substance that any misstatements in the application and certificate do not "affect the main purpose of the registration and interfere with the easy identification of the" registrant.   Whatever the judge meant, it is clear that the fact that identification of the registrant was easy cannot dispense with the statutory requirement that his place of residence be stated.   Requests numbered 1, 2, 3, 5 and 7 were inconsistent with what has already been said concerning the statement of the place of residence.   Requests numbered 4, 8 and 9 dealt with the statement of address only, and not with the statement of the place of residence.   As has been shown, a correct statement of address does not cure a misstatement of the place of residence.   There was no error in denying these requests. Even if the request numbered 4 was literally correct, it led to no result in favor of the plaintiff if the misstatement of the place of residence was not a "mistake."   Consequently its refusal was not prejudicial error.   None of the requests expressly asked a ruling that the misstatement of the place of residence could not be found to be other than a "mistake." Perhaps that question was presented, however, by the requests numbered 6 and 10, asking in general terms a ruling

that the registration was lawful. But as we have said, we think that upon the evidence a finding could have been made that the misstatement was not a "mistake." In favor of the decision we must assume that such a finding was made. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90.

Since there was no error at the first trial, the entry must be

*Both orders of Appellate Division reversed.*

*Finding for defendant at first trial to stand.*