[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED SEPTEMBER 25, 1996
The plaintiff in the above entitled case served a notice to quit and, subsequently, a complaint seeking immediate possession of the premises. The defendants have moved to dismiss the action, on the ground that an incorrect address is included in both the notice to quit and the complaint.
At a hearing on the motion, the following facts were determined: they seem, in fact, to be undisputed. The correct street address of the premises in question is "600 Johnson Avenue"; the asserted discrepancy is that while the premises are actually located in the town of Southington, the mailing address is "600 Johnson Avenue, Meriden . . ." If mail is addressed to Southington, it apparently will not be delivered by the Southington Post Office; on the other hand taxes are paid to Southington[1] and the children go to school in CT Page 5433-UUUU Southington. No explanation was immediately offered for the discrepancy, but one supposes that the scenario is not unique.[2]
The notice to quit refers exclusively to "600 Johnson Avenue, Southington . . .," as does the return of service, the summons and the complaint. Service was accomplished by a Hartford sheriff: Southington is in the judicial district of Hartford, and Meriden is in the judicial district of New Haven. A deed to the premises, attached to a prior pleading, indicates that the property is in Southington and is on Southington's land records.
The defendants are undoubtedly correct in their assertion that an incorrect description of the premises in the notice to quit is a defect affecting subject matter jurisdiction. Vogel v. Bacus, 133 Conn. 95 (1946). The plaintiff, however, quite correctly used the Southington address, which is the correct description of the physical premises. Where the mailing address and the physical address differ, the address physically describing the premises should be used. See SeventeenHigh Street v. Shoff-Darby Ins., SNBR-423, No. SPNO 9502-17033, 14 CONN. L. RPTR. 206 (Housing Session 1995) (Tierney, J.), and cases cited therein. A photocopy of a case handed to the court by counsel at argument, Munson v. Bay State Dredging ContractingCo., 50 N.E.2d 633 (Mass. 1943), is not inconsistent with that proposition.
Practically speaking, it is not inconsequential to note that the defendants received actual notice of these proceedings and that, contrary to a proposed hypothetical in the defendants' brief, the sheriff apparently had no difficulty locating the premises.
The motion to dismiss is denied.
BEACH, J.